**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA**

In re:

       Debtor(s)                                    Case No.
                                                      Chapter 7

**TRANSMITTAL OF APPEAL**

       I do hereby certify that the documents herein comprise the items in the designation of contents related to the Notice of Appeal filed in the above referenced case.

**Transmittal Submitted On**:

**Notice of Appeal Filed:**

**Contents of Record**:
**Designated Items of Appellant(**

**Remarks**:
Filing Fee Paid

**DISMISSED, ASSET, APPEAL**

# U.S. Bankruptcy Court
# MIDDLE DISTRICT OF ALABAMA (Montgomery)
## Bankruptcy Petition #: 06-31225
### Internal Use Only

*Assigned to:* William R. Sawyer
Chapter 7
Voluntary
Asset

*Date Filed:* 09/25/2006

| | |
|---|---|
| ***Debtor*** | represented by **C. Brandon Sellers, III** |
| **Deloris V. Victoria** | Shinbaum, Abell, McLeod |
| 225 Woodland Heights Dr | & Vann |
| Greenville, AL 36037 | PO Box 201 |
| SSN: ▮▮▮▮▮ | Montgomery, AL 36101 |
| | 334-269-4440 |
| | Email: |
| | cbsellers@samvpc.com |
| | |
| | **Richard D. Shinbaum** |
| | Shinbaum, Abell, McLeod |
| | & Vann |
| | P.O. Box 201 |
| | Montgomery, AL 36101 |
| | 334 269-4440 |
| | Email: |
| | rshinbaum@samvpc.com |

***Bankruptcy Admin.***
**Bankruptcy Administrator**
U. S. Bankruptcy Administrator
One Church Street
Montgomery, AL 36104

***Trustee***
**Daniel G. Hamm**
The Law Offices of Daniel G. Hamm

560 South McDonough St., Ste A
Montgomery, AL 36104
334-269-0269

| Filing Date | # | Docket Text |
|---|---|---|
| 09/25/2006 | 🔘1 | Chapter 7 Voluntary Petition . Fee Amount $299. Filed by C. Brandon Sellers III on behalf of Deloris V. Victoria. (Sellers, C.) (Entered: 09/25/2006) |
| 09/25/2006 | 🔘2 | Certificate of Credit Counseling for Debtor Filed by C. Brandon Sellers III on behalf of Deloris V. Victoria. (Sellers, C.) (Entered: 09/25/2006) |
| 09/25/2006 | 🔘3 | Employee Income Records Filed by C. Brandon Sellers III on behalf of Deloris V. Victoria. (Sellers, C.) (Entered: 09/25/2006) |
| 09/25/2006 | 🔘4 | Declaration re: Electronic Filing Filed by C. Brandon Sellers III on behalf of Deloris V. Victoria. (Sellers, C.) (Entered: 09/25/2006) |
| 09/25/2006 | 5 | Receipt of Voluntary Petition (Chapter 7)(06-31225) [misc,volp7a] ( 299.00) filing fee. Receipt number 1979911, amount $ 299.00. (U.S. Treasury) (Entered: 09/25/2006) |
| 09/26/2006 | 🔘6 | First Meeting of Creditors, Trustee and Deadlines Assigned. Section 341(a) Meeting of Creditors to be held 10/27/2006 at 09:00 AM in FMJ Fed. Courthouse(Lee St. entrance), Sec. 341 Meeting (Rm 105), Montgomery, AL 36104. The Trustee appointed to this case is Daniel G. Hamm. Last day to oppose discharge or dischargeability is 12/26/2006. (Entered: 09/26/2006) |
| 09/26/2006 | 🔘7 | Clerk's Notice on the following Deficiency(s): Statement Of Current Monthly Income And Means Test Calculation Was Filed Incomplete, Refile Complete |

| | | |
|---|---|---|
| | | document. (RE: related document(s)1 Voluntary Petition (Chapter 7)). Incomplete Filings due by 10/11/2006. (JT, ) (Entered: 09/26/2006) |
| 09/26/2006 | | New Case Received and Reviewed for Accuracy. (JT, ) (Entered: 09/26/2006) |
| 09/28/2006 | 8 | BNC Certificate of Service - Meeting of Creditors - (RE: related document(s)6 Auto Assign Meeting of Creditors-Ch 7 Indiv. No Asset, ). No. of Notices: 16. Service Date 09/28/2006. (Admin.) (Entered: 09/29/2006) |
| 09/28/2006 | 9 | BNC Certificate of Service - See Image Attached - (RE: related document(s)7 Clerk's Notice of Deficiency, ). No. of Notices: 1. Service Date 09/28/2006. (Admin.) (Entered: 09/29/2006) |
| 10/11/2006 | | Deadlines Terminated on Incomplete Filings Due RE: 7 Clerk's Notice of Deficiency Due: 10/11/2006. (Debts are primarily non-consumer) Deficient flag(s) removed. (YP, ) (Entered: 10/11/2006) |
| 10/30/2006 | 10 | Reaffirmation Agreement Between Debtor and BRANTLEY BANK & TRUST (Attorney Declaration Signed) Filed by C. Brandon Sellers III on behalf of Deloris V. Victoria. (Sellers, C.) (Entered: 10/30/2006) |
| 10/30/2006 | 11 | Reaffirmation Agreement Between Debtor and BUTLER COUNTY BANK (Attorney Declaration Signed) Filed by C. Brandon Sellers III on behalf of Deloris V. Victoria. (Sellers, C.) (Entered: 10/30/2006) |
| 10/31/2006 | 12 | Notice - Meeting of Creditors Continued on 11/29/2006 at 09:01 AM at FMJ Fed. Courthouse(Lee St. entrance), Sec. 341 Meeting (Rm 105), Montgomery, AL 36104 (Hamm, Daniel) (Entered: 10/31/2006) |

| 12/01/2006 | 13 | Notice - Meeting of Creditors Continued on 12/15/2006 at 09:01 AM at FMJ Fed. Courthouse(Lee St. entrance), Sec. 341 Meeting (Rm 105), Montgomery, AL 36104 (Hamm, Daniel) (Entered: 12/01/2006) |
| 12/07/2006 | 14 | NOTICE OF SUBMISSION ERROR FILED BY FILER. REFILED AS DOCKET ENTRY 16. Trustee's Motion to Extend Time *Deadline for Filing Objection to Claims of Exemptions and Objections to the Debtor's Discharge by Sixty Days* Filed by Daniel G. Hamm on behalf of Daniel G. Hamm (RE: related document(s)6 Auto Assign Meeting of Creditors-Ch 7 Indiv. No Asset, ). (Hamm, Daniel) Modified text on 12/8/2006 (JT, ). (Entered: 12/07/2006) |
| 12/07/2006 | 15 | Notice of Submission Error *Correct Debtor's Name* (Non-Image Entry) Filed by Daniel G. Hamm on behalf of Daniel G. Hamm (RE: related document(s)14 Motion to Extend Time, filed by Trustee Daniel G. Hamm). (Hamm, Daniel) (Entered: 12/07/2006) |
| 12/07/2006 | 16 | Trustee's Motion to Extend Time *Deadline for Filing Objections to Claims of Exemptions and Objections to the Debtor's Discharge by Sixty Days* Filed by Daniel G. Hamm on behalf of Daniel G. Hamm. (Hamm, Daniel) (Entered: 12/07/2006) |
| 12/08/2006 | | Motion terminated. (RE: related document(s)14 Motion to Extend Time, Notice Of Submission Error Filed, Document Was Refiled As Docket Entry 16). (JT, ) (Entered: 12/08/2006) |
| 12/08/2006 | 17 | Trustee's Application to Employ Professional Person(s) Daniel G. Hamm as Accountant Filed by Daniel G. Hamm on behalf of Daniel G. Hamm. (Attachments: # 1 Affidavit) (Hamm, Daniel) (Entered: 12/08/2006) |
| 12/11/2006 | 18 | Bankruptcy Administrator Response to Application to Employ Professional Person(s) *Recommends Hamm, as* |

| | | |
|---|---|---|
| | | *CPA, in accordance with Section 327(d)* Filed by (RE: related document(s)17 Application to Employ Professional Person(s) filed by Trustee Daniel G. Hamm). (Hayes, Tina) (Entered: 12/11/2006) |
| 12/11/2006 | 19 | Notice of Hearing Set (RE: related document(s)16 Trustee's Motion to Extend Time, 17 Application to Employ Professional Person, Daniel G. Hamm, as Accountant for Trustee). Hearing scheduled for 12/19/2006 at 10:00 AM at Courtroom 4D, Judge Sawyer Presiding, U.S. Bankruptcy Court, Montgomery, AL. (JPC, ) (Entered: 12/11/2006) |
| 12/19/2006 | 20 | Trustees Initial Report & First Meeting Held (Hamm, Daniel) (Entered: 12/19/2006) |
| 12/21/2006 | 21 | Motion to Extend Time *Deadline for Filing Motion to Dismiss Debtor's Case for Abuse Pursuant to Section 707(b) of the Bankruptcy Code* Filed by Bradley R. Hightower on behalf of Greenvill Hospital Corporation d/b/a LV Stabler Memorial Hospital. (Hightower, Bradley) (Entered: 12/21/2006) |
| 12/22/2006 | 22 | Notice of Hearing Set (RE: related document(s)21 Motion to Extend Time, ). Hearing scheduled for 1/9/2007 at 10:00 AM at Courtroom 4D, Judge Sawyer Presiding, U.S. Bankruptcy Court, Montgomery, AL. (JPC, ) (Entered: 12/22/2006) |
| 12/28/2006 | 23 | Order Granting Motion to Extend Time To File Complaint And Objections To Claims Of Exemptions (Related Doc # 16) Entered On 12/28/2006. Entry of discharge order is deferred until 2/20/2007. (JT, ) (Entered: 12/28/2006) |
| 12/28/2006 | 24 | Order Granting Application to Employ Professional Person(s) Daniel G. Hamm (Related Doc # 17) Entered On 12/28/2006. (JT, ) (Entered: 12/28/2006) |

| 12/30/2006 | 25 | BNC Certificate of Service - See Image Attached - (RE: related document(s)23 Order on Motion to Extend Time). No. of Notices: 1. Service Date 12/30/2006. (Admin.) (Entered: 12/30/2006) |
| 12/30/2006 | 26 | BNC Certificate of Service - See Image Attached - (RE: related document(s)24 Order on Application to Employ Professional Person(s)). No. of Notices: 1. Service Date 12/30/2006. (Admin.) (Entered: 12/30/2006) |
| 01/17/2007 | 27 | Order Granting Motion to Extend The Deadline For Filing Motion To Dismiss Case, Deadline is Extended To February 20. 2007 (Related Doc # 21) Entered On 1/17/2007. (JT, ) Modified text on 1/17/2007 (JT, ). (Entered: 01/17/2007) |
| 01/18/2007 | 28 | Motion for 2004 Examination Filed by Bradley R. Hightower on behalf of Greenvill Hospital Corporation d/b/a LV Stabler Memorial Hospital. (Attachments: # 1 Exhibit A) (Hightower, Bradley) (Entered: 01/18/2007) |
| 01/19/2007 | 29 | BNC Certificate of Service - See Image Attached - (RE: related document(s)27 Order on Motion to Extend Time). No. of Notices: 1. Service Date 01/19/2007. (Admin.) (Entered: 01/20/2007) |
| 01/24/2007 | 30 | Order Granting Motion for Examination Of The Debtor (Related Doc # 28) Entered On 1/24/2007. (JT, ) . (Entered: 01/24/2007) |
| 01/26/2007 | 31 | BNC Certificate of Service - See Image Attached - (RE: related document(s)30 Order on Motion for Examination). No. of Notices: 2. Service Date 01/26/2007. (Admin.) (Entered: 01/27/2007) |
| 01/30/2007 | 32 | Motion for Relief from Stay *and for Finding that Debtor's Lease with Greenville Hospital is Automatically Rejected*. Fee Amount $150. Filed by Bradley R. Hightower on behalf of Greenvill Hospital |

| | | | |
|---|---|---|---|
| | | | Corporation d/b/a LV Stabler Memorial Hospital. Responses due by 2/22/2007. (Attachments: # 1 Exhibit A) (Hightower, Bradley) (Entered: 01/30/2007) |
| 01/30/2007 | | 33 | Receipt of Motion for Relief From Stay(06-31225) [motion,mrlfsty] ( 150.00) filing fee. Receipt number 2137984, amount $ 150.00. (U.S. Treasury) (Entered: 01/30/2007) |
| 01/31/2007 | | 34 | Notice is hereby given that the first page of the referenced motion, notice or objection did not contain or feature prominently the notice legend required by the Local Bankruptcy Rules for the Middle District of Alabama. Failure to cure the deficiency within 7 days shall subject the motion, notice or objection to dismissal without further notice. (RE: related document(s)32 Motion for Relief From Stay, ). Incomplete Filings due by 2/7/2007. (JT, ) (Entered: 01/31/2007) |
| 01/31/2007 | | 35 | AMENDED Motion for Relief from Stay . Filed by Bradley R. Hightower on behalf of Greenvill Hospital Corporation d/b/a LV Stabler Memorial Hospital (RE: related document(s)32 Motion for Relief From Stay, filed by Creditor Greenvill Hospital Corporation d/b/a LV Stabler Memorial Hospital). Responses due by 2/23/2007. (Attachments: # 1 Exhibit A) (Hightower, Bradley) (Entered: 01/31/2007) |
| 02/01/2007 | | | Motion terminated., Deadlines terminated. (RE: related document(s)32 Motion for Relief From Stay,, [34] Clerk's Notice of Language Deficiency. Amended Motion filed as dke 35). (JT, ) (Entered: 02/01/2007) |
| 02/05/2007 | | 36 | AMENDED Schedules B, F, G, (Creditor NONE ADDED Added) Fee Amount $26. Filed by C. Brandon Sellers III on behalf of Deloris V. Victoria. (Sellers, C.) (Entered: 02/05/2007) |
| 02/05/2007 | | 37 | Receipt of Amended Schedules A-J and Summary of |

| | | Schedules(06-31225) [misc,amdsca2] ( 26.00) filing fee. Receipt number 2144254, amount $ 26.00. (U.S. Treasury) (Entered: 02/05/2007) |
| --- | --- | --- |
| 02/05/2007 | | Flags: AwCAact16 flag(s) removed Re: dke 36, Amended schedules-no new creditors added. (JT, ) (Entered: 02/05/2007) |
| 02/13/2007 | ◉38 | Second Motion to Extend Time - *Extend Deadlines for Sixty Days* Filed by Bradley R. Hightower on behalf of Greenvill Hospital Corporation d/b/a LV Stabler Memorial Hospital (RE: related document(s)27 Order on Motion to Extend Time). (Hightower, Bradley) (Entered: 02/13/2007) |
| 02/16/2007 | ◉39 | Notice of Hearing Set (RE: related document(s)38 Motion to Extend Time, ). Hearing scheduled for 2/27/2007 at 10:00 AM at Courtroom 4D, Judge Sawyer Presiding, U.S. Bankruptcy Court, Montgomery, AL. (BL, ) (Entered: 02/16/2007) |
| 02/22/2007 | | Deadlines terminated Re: dke 23, Order Granting Motion To Extend Time until 2/20/2007. Second motion dke 38 was filed to Extend Time and is set for hearing 2/27/2006 in dke 39. (JT, ) (Entered: 02/22/2007) |
| 02/26/2007 | ◉40 | Order Granting Motion For Relief From Stay of Greenville Hospital Corp. (Related Doc # 35) Entered On 2/26/2007. (BL, ) (Entered: 02/26/2007) |
| 02/26/2007 | | Deadline terminated. In Re: #35. (BL, ) (Entered: 02/26/2007) |
| 03/07/2007 | ◉41 | Order Finding That Debtor's Lease With Greenville Hospital Is Automatically Rejected And Granting Relief From Stay (Related Doc # 35) Entered On 3/7/2007. (JT, ) (Entered: 03/07/2007) |

| 03/08/2007 | 🌐42 | Clerk's Notice that Discharge will be withheld and the case will be closed if the following documents are not filed within 20 days:. Debtor(s) Certification Regarding Section 522(q) Exemptions due by 3/28/2007.Financial Management Certification for Debtor Due by 3/28/2007. (RLW, ) (Entered: 03/08/2007) |
|---|---|---|
| 03/08/2007 | 🌐43 | Order Granting Motion to Extend Time To File Complaint (Related Doc # 38) Entered On 3/8/2007. Entry of discharge order is deferred until 2/20/2007. (JT, ) (Entered: 03/08/2007) |
| 03/09/2007 | 🌐44 | BNC Certificate of Service - See Image Attached - (RE: related document(s)41 Order on Motion For Relief From Stay). No. of Notices: 1. Service Date 03/09/2007. (Admin.) (Entered: 03/10/2007) |
| 03/10/2007 | 🌐45 | BNC Certificate of Service - See Image Attached - (RE: related document(s)42 Clerk's Notice of Final Discharge Requirements, ). No. of Notices: 1. Service Date 03/10/2007. (Admin.) (Entered: 03/11/2007) |
| 03/10/2007 | 🌐46 | BNC Certificate of Service - See Image Attached - (RE: related document(s)43 Order on Motion to Extend Time). No. of Notices: 1. Service Date 03/10/2007. (Admin.) (Entered: 03/11/2007) |
| 03/15/2007 | 🌐47 | Order on Entered On 3/15/2007 Time for creditors to file motion to dismiss pursuant to Section 707(b) extended to April 20, 2007. (RE: related document(s)43 Order on Motion to Extend Time). (Sawyer, William) (Entered: 03/15/2007) |
| 03/20/2007 | 🌐48 | Motion to Compel *Debtor to Produce Documents*, or in the alternative Motion to Dismiss Case *for Failure to Produce Documents* Filed by Bradley R. Hightower on behalf of Greenvill Hospital Corporation d/b/a LV Stabler Memorial Hospital. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit |

| | | |
|---|---|---|
| | | E# 6 Exhibit F# 7 Exhibit G# 8 Exhibit H# 9 Exhibit I# 10 Exhibit J) (Hightower, Bradley) (Entered: 03/20/2007) |
| 03/22/2007 | 49 | Order Setting Hearing Entered On 3/22/2007 (RE: related document(s)48 Motion to Compel,, Motion to Dismiss Case, filed by Creditor Greenvill Hospital Corporation d/b/a LV Stabler Memorial Hospital). Hearing scheduled for 4/24/2007 at 10:00 AM at Courtroom 4D, Judge Sawyer Presiding, U.S. Bankruptcy Court, Montgomery, AL. (JPC, ) (Entered: 03/22/2007) |
| 03/26/2007 | 50 | Certificate of Service *of Order Setting Hearing and Motion to Compel* Filed by Bradley R. Hightower on behalf of Greenvill Hospital Corporation d/b/a LV Stabler Memorial Hospital (RE: related document(s)48 Motion to Compel,, Motion to Dismiss Case, filed by Creditor Greenvill Hospital Corporation d/b/a LV Stabler Memorial Hospital). (Attachments: # 1 Appendix Mailing Matrix) (Hightower, Bradley) (Entered: 03/26/2007) |
| 03/29/2007 | 51 | Financial Management Course Certificate Filed by C. Brandon Sellers III on behalf of Deloris V. Victoria. (Sellers, C.) (Entered: 03/29/2007) |
| 03/29/2007 | 52 | Certification Regarding 522(q) Exemptions Filed by C. Brandon Sellers III on behalf of Deloris V. Victoria. (Sellers, C.) (Entered: 03/29/2007) |
| 03/30/2007 | | Deadlines terminated Re: dke's 42, Deficiency Discharge, 43 Entry Of Discharge Deferred Date deadline termed.Deficiencies filed in dke's 51, 52. (JT, ) (Entered: 03/30/2007) |
| 04/20/2007 | 53 | Motion to Dismiss Case for Abuse Under 11 USC 707b Filed by Bradley R. Hightower on behalf of Greenvill Hospital Corporation d/b/a LV Stabler Memorial |

| | | |
|---|---|---|
| | | Hospital. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E# 6 Exhibit F# 7 Exhibit G) (Hightower, Bradley) (Entered: 04/20/2007) |
| 04/23/2007 | 54 | Debtor's Response to *Motion to compel* Filed by Richard D. Shinbaum on behalf of Deloris V. Victoria (RE: related document(s)48 Motion to Compel,, Motion to Dismiss Case, filed by Creditor Greenvill Hospital Corporation d/b/a LV Stabler Memorial Hospital). (Shinbaum, Richard) (Entered: 04/23/2007) |
| 04/25/2007 | 55 | Trustee's Report of Assets & Request for Notice to Creditors Filed by Trustee Daniel G. Hamm. (Hamm, Daniel) (Entered: 04/25/2007) |
| 04/26/2007 | 56 | Order & Notice Fixing Date and to File Claims (Ch 7 Asset) (RE: related document(s)55 Trustee's Report of Assets). Proofs of Claims due by 7/27/2007. (JT, ) (Entered: 04/26/2007) |
| 04/26/2007 | 57 | Order Setting Evidentiary Hearing Entered On 4/26/2007 (RE: related document(s)53 Motion to Dismiss Case, filed by Creditor Greenvill Hospital Corporation d/b/a LV Stabler Memorial Hospital). Hearing scheduled for 5/8/2007 at 02:00 PM at Courtroom 4D, Judge Sawyer Presiding, U.S. Bankruptcy Court, Montgomery, AL. (JT, ) (Entered: 04/26/2007) |
| 04/26/2007 | 58 | Order Denying Motion To Compel (Related Doc # 48) Entered On 4/26/2007. (JT, ) (Entered: 04/26/2007) |
| 04/26/2007 | | Motion terminated. (RE: related document(s)48 Motion to Compel,, Motion to Dismiss Case, ). Order Entered in dke 58. (JT, ) (Entered: 04/26/2007) |
| 04/28/2007 | 59 | BNC Certificate of Service - Notice to File Claim (Ch 7) - (RE: related document(s)56 Order & Notice Fixing Date and to File Claims (Ch 7 Asset)). No. of Notices: |

| | | |
|---|---|---|
| | | 18. Service Date 04/28/2007. (Admin.) (Entered: 04/29/2007) |
| 04/28/2007 | 🜨60 | BNC Certificate of Service - See Image Attached - (RE: related document(s)57 Order on Motion To Set Hearing, ). No. of Notices: 21. Service Date 04/28/2007. (Admin.) (Entered: 04/29/2007) |
| 04/28/2007 | 🜨61 | BNC Certificate of Service - See Image Attached - (RE: related document(s)58 Order on Motion to Compel). No. of Notices: 1. Service Date 04/28/2007. (Admin.) (Entered: 04/29/2007) |
| 04/30/2007 | 🜨62 | Trustee's Interim Report- Chapter 7 Asset Case . (Hamm, Daniel) (Entered: 04/30/2007) |
| 05/08/2007 | 🜨63 | AMENDED Schedules D, E, F, Fee Amount $26. Filed by Richard D. Shinbaum on behalf of Deloris V. Victoria. (Shinbaum, Richard) (Entered: 05/08/2007) |
| 05/08/2007 | 64 | Receipt of Amended Schedules A-J and Summary of Schedules(06-31225) [misc,amdsca2] ( 26.00) filing fee. Receipt number 2267476, amount $ 26.00. (U.S. Treasury) (Entered: 05/08/2007) |
| 05/08/2007 | 🜨65 | Debtor's Response to *Crdeditors Motion to Dismiss* Filed by Richard D. Shinbaum on behalf of Deloris V. Victoria (RE: related document(s)53 Motion to Dismiss Case, filed by Creditor Greenvill Hospital Corporation d/b/a LV Stabler Memorial Hospital). (Attachments: # 1 Exhibit Exhibits to reply) (Shinbaum, Richard) (Entered: 05/08/2007) |
| 05/08/2007 | | Flags: AwCAact16 flag(s) removed Re: dke 63, filing fee paid, no new creditors added, changed amount of debt. (JT, ) (Entered: 05/08/2007) |
| 05/09/2007 | 🜨66 | Debtor's Response to *Supplemental Response to the Motion to dismiss.* Filed by Richard D. Shinbaum on |

| | | |
|---|---|---|
| | | behalf of Deloris V. Victoria (RE: related document(s)53 Motion to Dismiss Case, filed by Creditor Greenvill Hospital Corporation d/b/a LV Stabler Memorial Hospital). (Attachments: # 1 Exhibit First transmission of documents# 2 Exhibit Victoria transmission of ommitted Documents of same date.) (Shinbaum, Richard) (Entered: 05/09/2007) |
| 05/09/2007 | 🖰 67 | Debtor's Response to *Creditors Motion to Dismiss, Notification of error in suppleemtnal brief.* Filed by Richard D. Shinbaum on behalf of Deloris V. Victoria (RE: related document(s)53 Motion to Dismiss Case, filed by Creditor Greenvill Hospital Corporation d/b/a LV Stabler Memorial Hospital). (Shinbaum, Richard) (Entered: 05/09/2007) |
| 05/09/2007 | | Matter Under Advisement Re:. Matter Under Advisement Due by 5/9/2007. (Sawyer, William) (Entered: 05/09/2007) |
| 05/09/2007 | 🖰 68 | Reply to *Debtor's Response and Supplemental Response* Filed by Bradley R. Hightower on behalf of Greenvill Hospital Corporation d/b/a LV Stabler Memorial Hospital (RE: related document(s)53, 66, 67 Motion to Dismiss Case, filed by Creditor Greenvill Hospital Corporation d/b/a LV Stabler Memorial Hospital). (Attachments: # 1 Exhibit A# 2 Exhibit B) (Hightower, Bradley) Modified text to add dke's 66, 67 on 5/10/2007 (JT, ). (Entered: 05/09/2007) |
| 06/08/2007 | 🖰 69 | Order Setting Hearing Entered On 6/8/2007 (RE: related document(s)53 Motion to Dismiss Case, filed by Creditor Greenvill Hospital Corporation d/b/a LV Stabler Memorial Hospital). Hearing scheduled for 6/26/2007 at 11:00 AM at Telephone Hearing. (Pugh, Rebekah) (Entered: 06/08/2007) |
| 06/27/2007 | | Matter Under Advisement Complete (RE: related document(s) Set Matter Under Advisement Deadline). |

|  |  |  |  |
|---|---|---|---|
|  |  |  | (Sawyer, William) (Entered: 06/27/2007) |
| 06/27/2007 | 🔵70 | | Order on Motion to Dismiss Case Re: related dke 53 Entered On 6/27/2007. (Pugh, Rebekah) Modified text to add related dke on 6/27/2007 (JT, ). (Entered: 06/27/2007) |
| 06/27/2007 | | | Motion terminated. (RE: related document(s)53 Motion to Dismiss Case, Order entered in dke 70). (JT, ) (Entered: 06/27/2007) |
| 06/29/2007 | 🔵71 | | BNC Certificate of Service - See Image Attached - (RE: related document(s)70 Order). No. of Notices: 1. Service Date 06/29/2007. (Admin.) (Entered: 06/30/2007) |
| 07/06/2007 | 🔵72 | | Debtor's Notice of Appeal . Fee Amount $255. Filed by Richard D. Shinbaum on behalf of Deloris V. Victoria (RE: related document(s)53 Motion to Dismiss Case, filed by Creditor Greenvill Hospital Corporation d/b/a LV Stabler Memorial Hospital, 70 Order). Appellant Designation due by 7/16/2007. Transmission of Designation Due by 7/26/2007. (Shinbaum, Richard) (Entered: 07/06/2007) |
| 07/06/2007 | 73 | | Receipt of Notice of Appeal(06-31225) [appeal,ntcapl] ( 255.00) filing fee. Receipt number 2345872, amount $ 255.00. (U.S. Treasury) (Entered: 07/06/2007) |
| 07/09/2007 | 🔵74 | | Notice Service of Notice of Appeal. Civil Action Number: Filed by (RE: related document(s)72 Notice of Appeal, filed by Debtor Deloris V. Victoria, 70 Order). (Attachments: # 1 Instructions for appellant)(DS, ) (Entered: 07/09/2007) |
| 07/16/2007 | 🔵75 | | Appellant Designation of Contents For Inclusion in Record and Issues On Appeal Filed by Richard D. Shinbaum on behalf of Deloris V. Victoria (RE: related document(s)72 Notice of Appeal, filed by Debtor |

| | | Deloris V. Victoria). Appellee designation due by 7/26/2007. (Shinbaum, Richard) (Entered: 07/16/2007) |
|---|---|---|
| 07/17/2007 | ⬤76 | Request for Transcript re: Appeal Filed by Richard D. Shinbaum on behalf of Deloris V. Victoria (RE: related document(s)72 Notice of Appeal, filed by Debtor Deloris V. Victoria, 75 Appellant Designation and Issues on Appeal, filed by Debtor Deloris V. Victoria). (Shinbaum, Richard) (Entered: 07/17/2007) |

# MIDDLE DISTRICT OF ALABAMA
# Claims Register

## 06-31225 Deloris V. Victoria

**Judge:** William R. Sawyer  **Chapter:** 7

**Office:** Montgomery  **Last Date to file claims:** 07/27/2007

**Trustee:** Daniel G. Hamm  **Last Date to file (Govt):**

| | | |
|---|---|---|
| *Creditor:*<br>Whitney National Bank<br>P.O. Box 61260<br>Recovery-Suite 400<br>New Orleans, LA 70161 | **Claim No: 1**<br>*Filed:*   04/30/2007<br>*Entered:* 05/01/2007 | *Status:*<br>*Filed by:* CR<br>*Entered by:* JI<br>*Modified:* |

Unsecured claimed:  $4715.75

**Total        claimed: $4715.75**

*History:*

🌐 1-1      04/30/2007 Claim #1 filed by Whitney National Bank , total amount claimed: $4715.75 (JI)

*Description:* (1-1) 720225302

*Remarks:*

| | | |
|---|---|---|
| *Creditor:*<br>INTERNAL REVENUE SERVICE<br>P O BOX 21126<br>Philadelphia, PA 19114 | **Claim No: 2**<br>*Filed:*   05/09/2007<br>*Entered:* 05/09/2007 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Holcomb, Martha<br>*Modified:* |

Unsecured claimed:    $25448.44

Secured     claimed:    $55536.10

Priority     claimed:    $28440.66

**Total        claimed: $109425.20**

*History:*

🌐 2-1      05/09/2007 Claim #2 filed by INTERNAL REVENUE SERVICE , total amount claimed: $109425.2 (Holcomb, Martha)

*Description:*

*Remarks:*

| Creditor:<br>CAMDEN NATIONAL<br>3 WATER STREET<br>Camden, AL 36726 | Claim No: 3<br>*Filed:*    07/11/2007<br>*Entered:* 07/11/2007 | Status:<br>*Filed by:* CR<br>*Entered by:* JI<br>*Modified:* |
|---|---|---|
| Secured claimed:  $12997.66<br>**Total      claimed: $12997.66** | | |
| *History:*<br>🌐 3-1    07/11/2007 Claim #3 filed by CAMDEN NATIONAL , total amount claimed:<br>              $12997.66 (JI) | | |
| *Description:* (3-1) 94581 | | |
| *Remarks:* | | |

| Creditor:<br>CAMDEN NATIONAL<br>3 WATER STREET<br>Camden, AL 36726 | Claim No: 4<br>*Filed:*    07/11/2007<br>*Entered:* 07/11/2007 | Status:<br>*Filed by:* CR<br>*Entered by:* JI<br>*Modified:* |
|---|---|---|
| Secured claimed:  $3639.49<br>**Total      claimed: $3639.49** | | |
| *History:*<br>🌐 4-1    07/11/2007 Claim #4 filed by CAMDEN NATIONAL , total amount claimed: $3639.49<br>              (JI) | | |
| *Description:* (4-1) 92095 | | |
| *Remarks:* | | |

# Claims Register Summary

**Case Name:** Deloris V. Victoria
**Case Number:** 06-31225
**Chapter:** 7
**Date Filed:** 09/25/2006
**Total Number Of Claims:** 4

|  | Total Amount Claimed | Total Amount Allowed |
|---|---|---|
| **Unsecured** | $30164.19 | |
| **Secured** | $72173.25 | |

| Priority | $28440.66 | |
|---|---|---|
| Unknown | | |
| Administrative | | |
| **Total** | **$130778.10** | **$0.00** |

(Rev. 1/93)

## United States Bankruptcy Court

_Middle_ District of _Alabama_

# PROOF OF CLAIM

In re (Name of Debtor)

_Deloris V. Victoria_

Case Number

_Ch 7  06-31225_

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**RECEIVED**

APR 30 2007

U.S. BANKRUPTCY COURT
MONTGOMERY, ALABAMA

Name of Creditor
(The person or other entity to whom the debtor owes money or property)

WHITNEY NATIONAL BANK

Name and Address Where Notices Should be Sent
P.O. BOX 61260
NEW ORLEANS, LA 70161
Recovery - Suite 400
Donna Lesco

Telephone No.

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR
COURT USE ONLY

ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFIES DEBTOR:

_720 225 302_

Check box if this claim ☐ replaces
☐ amends   a previously filed claim, dated:

### 1. BASIS FOR CLAIM

☐ Goods sold
☐ Services performed
☒ Money loaned
☐ Personal injury/wrongful death
☐ Taxes
☐ Other (Describe briefly)

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (Fill out below)
Your social security number
Unpaid compensation for services performed
from _____ to _____
        (date)                         (date)

### 2. DATE DEBT WAS INCURRED

_12·20·1999_

### 3. IF COURT JUDGMENT, DATE OBTAINED:

### 4. CLASSIFICATION OF CLAIM. Under the Bankruptcy Code all claims are classified as one or more of the following: (1) Unsecured nonpriority, (2) Unsecured Priority, (3) Secured. It is possible for part of a claim to be in one category and part in another.
CHECK THE APPROPRIATE BOX OR BOXES that best describe your claim and STATE THE AMOUNT OF THE CLAIM AT TIME CASE FILED.

☐ SECURED CLAIM $ _____
Attach evidence of perfection of security interest
Brief Description of Collateral:
☐ Real Estate  ☐ Motor Vehicle  ☐ Other (Describe briefly)

Amount of arrearage and other charges at time case filed included in secured claim above, if any $ _____

☒ UNSECURED NONPRIORITY CLAIM $ _____
A claim is unsecured if there is no collateral or lien on property of the debtor securing the claim or to the extent that the value of such property is less than the amount of the claim.

☐ UNSECURED PRIORITY CLAIM $ _4,715.75_
Specify the priority of the claim.

☐ Wages, salaries, or commissions (up to $4000),* earned not more than 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier—11 U.S.C. § 507(a)(3)

☐ Contributions to an employee benefit plan—11 U.S.C. § 507(a)(4)

☐ Up to $1,800* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use—11 U.S.C. § 507(a)(6)

☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child—11 U.S.C. § 507(a)(7)

☐ Taxes or penalties of governmental units—11 U.S.C. § 507(a)(8)

☐ Other—Specify applicable paragraph of 11 U.S.C. § 507(a)___
*Amounts are subject to adjustment on 4/1/98 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

### 5. TOTAL AMOUNT OF CLAIM AT THE TIME CASE FILED:
$ _4,715.75_ _____
   (Unsecured)

$ _____
   (Secured)

$ _____
   (Priority)

$ _4,715.75_
   (Total)

☐ Check this box if claim includes charges in addition to the principal amount of the claim. Attach itemized statement of all additional charges.

### 6. CREDITS AND SETOFFS: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. In filing this claim, claimant has deducted all amounts that claimant owes to debtor.

### 7. SUPPORTING DOCUMENTS: Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, or evidence of security interests. If the documents are not available, explain. If the documents are voluminous, attach a summary.

### 8. TIME-STAMPED COPY: To receive an acknowledgement of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR
COURT USE ONLY

Date

_4-17-07_

Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any)

_Albert L. Lord, Vice President_

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.



## WHITNEY

### PERSONAL LINE OF CREDIT AGREEMENT AND DISCLOSURE

| Principal | Loan Date | Maturity | Loan No. | Call | Collateral | Account | Officer | Initials |
|---|---|---|---|---|---|---|---|---|
| $10,000.00 | | | | | | | | |

References in the shaded area are for Lender's use only and do not limit the applicability of this document to any particular loan or item.

**Borrower:** DR DELORES V VICTORIA (SSN: 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)
P O BOX 810
GREENVILLE, AL 36037

**Lender:** WHITNEY NATIONAL BANK
109 GREENVILLE BYPASS
GREENVILLE, AL 36037

**CREDIT LIMIT: $10,000.00**        **Date of Agreement: December 20, 1999**

**Introduction.** This Personal Line of Credit Agreement and Disclosure ("Agreement") governs your line of credit (the "Credit Line" or the "Credit Line Account") issued through WHITNEY NATIONAL BANK. In this Agreement, the words "Borrower," "you," "your," and "Applicant" mean each and every person who signs this Agreement, including all Borrowers named above. The words "we," "us," "our," and "Lender" mean WHITNEY NATIONAL BANK. You agree to the following terms and conditions:

**Promise to Pay.** You promise to pay WHITNEY NATIONAL BANK, or order, on demand the total of all credit advances and FINANCE CHARGES, together with all costs and expenses for which you are responsible under this Agreement. You will pay your Credit Line according to the payment terms set forth below. If there is more than one Borrower, each is jointly and severally liable on this Agreement. This means we can require any one of you to pay all amounts due under this Agreement, including credit advances made to any of you. Each Borrower authorizes any other Borrower, on his or her signature alone, to cancel the Credit Line, to request and receive credit advances, and to do all other things necessary to carry out the terms of this Agreement. We can release any of you from responsibility under this Agreement, and the others will remain responsible.

**Minimum Payment.** Your "Regular Payment" will be monthly payments of $20.00 or 3.00% of the Outstanding Balance on your periodic billing statement, whichever is greater. Your "Minimum Payment" will be your Regular Payment plus all amounts past due, any voluntary credit life and disability insurance premiums, and all other charges. You agree to pay not less than the Minimum Payment on or before the due date indicated on your periodic billing statement. In any event, if your Credit Line balance falls below $20.00, you agree to pay your balance in full.

**Application of Payments.** Unless otherwise agreed or required by applicable law, payments and other credits will be applied in the following order: to (a) FINANCE CHARGES; (b) unpaid principal; (c) any amounts that exceed your Credit Limit; and (d) late charges and other charges.

**Term.** The term of your Credit Line will begin as of the date of this Agreement ("Opening Date") and will continue until demand is made under this Agreement or until this Credit Line is terminated for any reason. At that time, or any time thereafter, all outstanding principal, accrued interest, any credit life and disability insurance premiums, and any other outstanding charges will be payable on demand.

**Receipt of Payments.** All payments must be made by a check, money order, or other instrument in U.S. dollars and must be received by us at the remittance address shown on your periodic billing statement. Payments received at that address prior to 2:00 P.M. Central Time on any business day will be credited to your Credit Line as of the date received. If we receive payments at other locations, such payments will be credited promptly to your Credit Line, but crediting may be delayed for up to five (5) days after receipt.

**Credit Limit.** This Agreement covers a revolving line of credit for Ten Thousand & 00/100 Dollars ($10,000.00), which will be your "Credit Limit" under this Agreement. You may borrow against the Credit Line, repay any portion of the amount borrowed, and re-borrow up to the amount of the Credit Limit. Your Credit Limit is the maximum amount you may have outstanding at any one time. You agree not to attempt, request, or obtain a credit advance that will make your Credit Line Account balance exceed your Credit Limit. Your Credit Limit will not be increased should you overdraw your Credit Line Account. If you exceed your Credit Limit, you agree to repay immediately the amount by which your Credit Line Account exceeds your Credit Limit, even if we have not yet billed you.

**Charges to Your Credit Line.** We may charge your Credit Line to pay other fees and costs that you are obligated to pay under this Agreement or under any other document related to your Credit Line. Any amount so charged to your Credit Line will be a credit advance and will decrease the funds available, if any, under the Credit Line. However, we have no obligation to provide any of the credit advances referred to in this paragraph.

**Effective Disbursement Date.** The words "Effective Disbursement Date" as used in this Agreement mean a date, after the Opening Date, when the Agreement is accepted by us in the State of Alabama and you have met all of our conditions for the Credit Line. You agree and understand that you may not receive any credit advance under your Credit Line until after the Effective Disbursement Date of this Agreement.

**Credit Advances.** After the Effective Disbursement Date of this Agreement, you may obtain credit advances under your Credit Line as follows:

    (a) Writing a preprinted "Special Check" that we will supply to you.

    (b) Requesting a credit advance from your Credit Line to be applied to your designated account by telephone. You agree that we do not accept responsibility for the authenticity of telephone instructions and that we will not be liable for any loss, expense, or cost arising out of any telephone request, including any fraudulent or unauthorized telephone request, when acting upon such instructions believed to be genuine.

    (c) Requesting a credit advance in person at any of our authorized locations.

If there is more than one person authorized to use this Credit Line Account, you agree not to give us conflicting instructions, such as one of you telling us not to give advances to the other.

**Limitations on the Use of Special Checks.** We reserve the right not to honor Special Checks in the following circumstances:

    (a) Your Credit Limit has been or would be exceeded by paying the Special Check.

    (b) Your Special Check is post-dated. If a post-dated Special Check is paid and as a result any other check is returned or not paid, we are not responsible.

    (c) Your Special Checks have been reported lost or stolen.

    (d) Your Special Check is not signed by an "Authorized Signer" as defined below.

    (e) You are in default or otherwise are in violation of this Agreement or would be so if we paid the Special Check.

    (f) Your Special Check is less than the minimum amount required by this Agreement or you are in violation of any other transaction requirement or would be if we paid the Special Check.

    (g) You use a Special Check to make payment on your Credit Line.

If we pay any Special Check under these conditions, you must repay us, subject to applicable laws, for the amount of the Special Check. The Special Check itself will be evidence of your debt to us together with this Agreement. Our liability, if any, for wrongful dishonor of a check is limited to your actual damages. Dishonor for any reason as provided in this Agreement is not wrongful dishonor. We may choose not to return Special Checks along with your periodic billing statements; however, your use of a Special Check will be reflected on your periodic statement as a credit advance. We do not "certify" Special Checks drawn on your Credit Line.

**Transaction Requirements.** The following transaction limitations will apply to accessing your Credit Line by writing a Special Check, requesting an advance by telephone or requesting an advance in person.

    **Minimum Advance Amount.** The minimum amount of any credit advance that can be made on your Credit Line is as follows: $100.00. This means any Special Check must be written for at least the minimum advance amount.

    **Other Transaction Requirements.** If Credit Advances are obtained under your Credit Line pursuant to paragraphs (a), (b), or (c) in the Credit Advances provision above, i.e. by using a Special Check, requesting an advance by telephone, or requesting an advance in person, then subject to the minimum advance requirement, such advances will be make in the exact amount requested.

**Authorized Signers.** The words "Authorized Signer" as used in Special Checks mean and include each person who (a) signs the application for this Credit Line, (b) signs this Agreement, or (c) has executed a separate signature authorization card for the Credit Line Account.

**Lost Special Checks.** If you lose your Special Checks or someone is using them without your permission, you agree to let us know immediately. The fastest way to notify us is by calling us at (334) 382-6511. You can also notify us at our address shown at the beginning of this Agreement.

**12-20-1999**            **PERSONAL LINE OF CREDIT AGREEMENT AND DISCLOSURE**            , **Page 2**
Loan No 720225302                                    (Continued)

**Future Credit Line Services.** Your application for this Credit Line also serves as a request to receive any new services (such as access devices) which may be available at some future time as of one of our services in connection with this Credit Line. You understand that this request is voluntary and that you may refuse any of these new services at the time they are offered. You further understand that the terms and conditions of this Agreement, together with any specific terms covering the new service, will govern any transactions made pursuant to any of these new services.

**Collateral.** Collateral securing other loans with us may also secure this Credit Line Account. To the extent collateral previously has been given to us by any person which may secure this Credit Line Account, whether directly or indirectly, it is specifically agreed that all such collateral consisting of household goods will not secure this Credit Line Account. In addition, if any collateral requires the giving of a right of rescission under Truth in Landing for this Credit Line Account, such collateral also will not secure this Credit Line Account unless all required notices of that right have been given.

**Right of Setoff.** You grant to us a contractual security interest in, and hereby assign, convey, deliver, pledge, and transfer to us all right, title and interest in and to, your accounts with us (whether checking, savings, or some other account), including without limitation all accounts held jointly with someone else and all accounts you may open in the future, excluding however all IRA, Keogh, and trust accounts. You authorize us, to the extent permitted by applicable law, to charge or setoff all sums owing on this Agreement against any and all such accounts.

**Periodic Statements.** If you have a balance owing on your Credit Line Account or have any account activity, we will send you a periodic statement. It will show, among other things, credit advances, **FINANCE CHARGES**, other charges, payments made, other credits, your "Previous Balance," and your "New Balance." Your statement also will identify the Minimum Payment you must make for that billing period and the date it is due.

**When FINANCE CHARGES Begin to Accrue.** Periodic FINANCE CHARGES for credit advances under your Credit Line will begin to accrue on the date credit advances are posted to your Credit Line. There is no "free ride period" which would allow you to avoid a FINANCE CHARGE on your Credit Line credit advances.

**Method Used to Determine the Balance on Which the FINANCE CHARGE Will Be Computed.** A daily FINANCE CHARGE will be imposed on all credit advances made under your Credit Line imposed from the date of each credit advance based on the "average daily balance method." To get the average daily balance for any month in which your Periodic Rate and ANNUAL PERCENTAGE RATE do not change, we take the beginning balance of your Credit Line Account each day, add any new advances and subtract any payments or credits and any unpaid FINANCE CHARGES. This gives us a daily balance. Then, we add up all the daily balances for the billing cycle and divide the total by the number of days in the billing cycle.

In any billing cycle during which there is an adjustment in your Periodic Rate and ANNUAL PERCENTAGE RATE, two average daily balances will be calculated for your Account. In such instances, we will compute the first average daily balance by adding together the daily balances of your Account, calculated as indicated above, for the days when the first Periodic Rate applied and dividing that total by the number of days that the first Periodic Rate was in effect. The average daily balance for the period during which the second Periodic Rate applied will be calculated in the same manner, based on the daily balances for, and the total number of, the days during which the second Periodic Rate was in effect.

In calculating the FINANCE CHARGE for a billing cycle in which there is a rate change, each average daily balance is multiplied by the number of days that the appropriate Periodic Rate was in effect, and that amount is multiplied by the appropriate Periodic Rate. These products are added together to calculate your FINANCE CHARGE.

**Method of Determining the Amount of FINANCE CHARGE.** Any FINANCE CHARGE is determined by applying the "Periodic Rate" to the balance described above. This is your FINANCE CHARGE calculated by applying a Periodic Rate.

**Periodic Rate and Corresponding ANNUAL PERCENTAGE RATE.** The Periodic Rate and the corresponding ANNUAL PERCENTAGE RATE on your Credit Line are subject to change from time to time based on changes in an independent index which is the Prime rate as published in the Wall Street Journal that is effective on the first business day of the calendar month during which this Agreement is executed. When a range of rates has been published, the higher of the rates will be used (the "Index"). The Index is not necessarily the lowest rate charged by us on our loans. If the Index becomes unavailable during the term of this Agreement, we may designate a substitute Index after notice to you. The ANNUAL PERCENTAGE RATE on your Credit Line is based upon the Index and the margin described below ("Margin").

The Periodic Rate and the corresponding ANNUAL PERCENTAGE RATE on your Credit Line will increase or decrease as the Index increases or decreases from time to time. An increase in the ANNUAL PERCENTAGE RATE will affect the minimum periodic payment amount as follows: will take the form of higher payment amounts. We will determine the Periodic Rate and the corresponding ANNUAL PERCENTAGE RATE as follows: we start with the current Index and then add a certain Margin as disclosed below. To obtain the periodic rate, we divide that sum by the number of days in a year (daily). To obtain the ANNUAL PERCENTAGE RATE we multiply the periodic rate by the number of days in a year (daily). This rate is subject, however, to the following minimum and maximum rates. In no event will the corresponding ANNUAL PERCENTAGE RATE be less than 7.000% per annum or more than the lesser of 18.000% per annum or the maximum rate allowed by applicable law. Adjustments to the Periodic Rate and the corresponding ANNUAL PERCENTAGE RATE resulting from changes in the Index will take effect monthly, on the first business day of each calendar month (that is, the first day of the calendar month that the Bank is open for all or substantially all services, Monday through Friday, excluding legal holidays), and may result in the application of two Periodic Rates and ANNUAL PERCENTAGE RATES for any billing cycle. Today the Index is 8.500% per annum, and therefore the initial ANNUAL PERCENTAGE RATE and the corresponding Periodic Rate on your Credit Line are as stated below:

| Range of Balance or Conditions | Margin Added to Index | ANNUAL PERCENTAGE RATE | Daily Periodic Rate |
|---|---|---|---|
| All Balances | 2.500 % | 11.000 % | 0.03014 % |

Notwithstanding any other provision of this Agreement, we will not charge interest on any undisbursed loan proceeds.

**Forgo Rate Increases.** If we forgo an ANNUAL PERCENTAGE RATE increase, at the time of a later adjustment we may return to the full index value plus margin.

**Conditions Under Which Other Charges May be Imposed.** You agree to pay all the other fees and charges related to your Credit Line as set forth below.

   **Annual Fee.** A nonrefundable Annual Fee of $20.00 will be charged to your Credit Line at the following time: On the day the statement is rendered for the month in which your Credit Line Account is established, and the day the statement is rendered for each such month annually thereafter.

   **Returned Items.** You may be charged $15.00 if you pay your Credit Line obligations with a check, draft, or other item that is dishonored for any reason, unless applicable law requires a lower charge or prohibits any charge.

   **Overlimit Charge.** Your Credit Line Account may be charged $20.00 if you cause your Credit Line Account to go over your Credit Limit. This includes writing a Special Check in excess of your available balance.

   **Miscellaneous Photocopying.** If you request a copy of any document, we may charge your Credit Line Account $1.00 Per item for the time it takes us to locate, copy, and mail the document to you. If your request is related to a billing error (see "Your Billing Rights" notice) and an error is found, we will reverse any photocopying charges.

   **Late Charges.** In addition to our rights upon default, your payment will be late if it is not received by us within 9 days of the "Payment Due Date" shown on your periodic statement. If your payment is late we may charge you the greater of 5.000% of the payment due or $10.00 but no more than $100.00.

**Right to Credit Advances.** After the Effective Disbursement Date, we will honor your requests for credit advances up to your Credit Limit so long as: (a) you are not in default under the terms of this Agreement; (b) this Agreement has not been terminated or suspended; and (c) your Credit Line has not been cancelled as provided above in the section of this Agreement titled "Term."

**Default.** We may declare you to be in default if any one or more of the following events occur: (a) you fail to pay a Minimum Payment when due; (b) you die; (c) you make any false or misleading statements on your Credit Line application; (d) you violate any provision of this Agreement or any other agreement with us; (e) any garnishment, attachment, or execution is issued against any material asset owned by you; (f) you exceed your Credit Limit; or (g) you file for bankruptcy or other insolvency relief, or an involuntary petition under the provisions of the Federal Bankruptcy Act is filed against you.

**Lender's Rights.** If you are in default, we may terminate or suspend your Credit Line Account without prior notice. We will notify you in writing of our action as soon as practicable.

   **(a) Suspension.** If we suspend your Credit Line, you will lose the right to obtain further credit advances. However, all other terms of this Agreement will remain in effect and be binding upon you, including your liability for any further unauthorized use of any Credit Line access devices.

   **(b) Termination.** If we terminate your Credit Line, your Credit Line will be suspended and the entire unpaid balance of your Credit Line Account will be immediately due and payable, without prior notice except as may be required by law, and you agree to pay that amount plus all FINANCE CHARGES and other amounts due under this Agreement.

   **(c) Collection Costs.** Upon default, we may hire or pay someone else to help collect your Credit Line Account if you do not pay. You agree to pay attorneys' fees not exceeding fifteen percent (15%) of the unpaid debt after default and referral to an attorney who is not our salaried employee, if at that time your unpaid balance exceeds $300.

12-20-1999    **PERSONAL LINE OF CREDIT AGREEMENT AND DISCLOSURE**    Page 3
Loan No 720225302    (Continued)

**(d) Access Devices.** If your Credit Line is suspended or terminated, you must immediately return to us all Special Checks and any other access devices. Any use of Special Checks or other access devices following suspension or termination may be considered fraudulent. You will also remain liable for any further use of Special Checks or other Credit Line access devices not returned to us.

**Delay in Enforcement.** We may delay or waive the enforcement of any of our rights under this Agreement without losing that right or any other right. If we delay or waive any of our rights, we may enforce that right at any time in the future without advance notice. For example, not terminating your account for non-payment will not be a waiver of our right to terminate your account in the future if you have not paid.

**Termination by You.** If you terminate this Agreement, you must notify us and return all Special Checks and any other access devices to us. Despite termination, your obligations under this Agreement will remain in full force and effect until you have paid us all amounts due under this Agreement.

**Prepayment.** You may prepay all or any amount owing under this Credit Line at any time without penalty, except we will be entitled to receive all accrued FINANCE CHARGES, and other charges, if any. Payments in excess of your Minimum Payment will not relieve you of your obligation to continue to make your Minimum Payments. Instead, they will reduce the principal balance owed on the Credit Line. If you mark a check, money order, or other instrument sent in payment with "Paid in Full" or with similar language, we may accept the payment, and you will remain obligated to pay any further amount owed to us.

**Notices.** All notices will be sent to your address as shown in your Credit Line application. Notices will be mailed to you at a different address if you give us written notice of a different address. You agree to advise us promptly if you change your mailing address.

**Annual Review.** You agree that you will provide us with a current financial statement, a new credit application, or both, annually, on forms provided by us. Based upon this information we will conduct an annual review of your Credit Line Account. You also agree we may obtain credit reports on you at any time, at our sole option and expense, for any reason, including but not limited to determining whether there has been an adverse change in your financial condition. You authorize us to release information to others (such as credit bureaus, merchants, and other financial institutions) about the status and history of your Credit Line Account. Based upon a material adverse change in your financial condition (such as termination of employment or loss of income), we may suspend your Credit Line.

**Transfer or Assignment.** Without prior notice or approval from you, we reserve the right to sell or transfer your Credit Line Account to another lender, entity, or person. Your rights under this Agreement belong to you only and may not be transferred or assigned. Your obligations, however, are binding on your heirs and legal representatives.

**Tax Consequences.** You understand that neither WHITNEY NATIONAL BANK, nor any of its employees or agents, makes any representation or warranty whatsoever concerning the tax consequences of your establishing and using your Credit Line, including the deductibility of interest, and that neither WHITNEY NATIONAL BANK nor its employees or agents will be liable in the event interest on your Credit Line is not deductible. You should consult your own tax advisor for guidance on this subject.

**Governing Law.** This Agreement will be governed by federal law and by the laws of the State of Alabama. The Credit Line which is the subject of this Agreement has been applied for, considered, approved, and made in the State of Alabama.

**Interpretation.** The names given to paragraphs or sections in this Agreement are for convenience purposes only. They are not to be used to interpret or define the provisions of this Agreement. You agree that this Agreement is the best evidence of your agreements with us. If a court finds that any provision of this Agreement is not valid or should not be enforced, that fact by itself will not mean that the rest of this Agreement will not be valid or enforced. Therefore, a court may enforce the rest of the provisions of this Agreement even if a provision of this Agreement may be found to be invalid or unenforceable. If we go to court for any reason, we can use a copy, filmed or electronic, of any periodic statement, this Agreement, or any other document to prove what you owe us or that a transaction has taken place. The copy, microfilm, microfiche, or optical image will have the same validity as the original. You agree that, except to the extent you can show there is a billing error, your most current periodic billing statement is the best evidence of your obligation to pay.

**Selection of Payment Due Date.** You have the option of selecting the day of the month that your payment will be due. The date selected will appear on your periodic statement as the Payment Due Date. Please enter in the space below the (numeric) day of each month that you select as your Payment Due Date. If you do not select a date, your Payment Due Date will be the 15th day following each cycle Closing Date.

_____ By initialing here, I am choosing my Payment Due Date to be the ____15-th____ day of each month. I understand that if I do not select a date, my Payment Due Date will be the 15th day following each cycle Closing Date.

**Power of Attorney/Alternative Accounts.** In the event that any Borrower has named, constituted and/or appointed, or in the future names, constitutes or appoints, any one or more persons or entities as his/her agent and attorney-in-fact with respect to handling the designated account or Credit Line Account by delivering to Lender a written power of attorney or, in the event that Borrower's designated account is currently an alternative account or in the future becomes an alternative account by the addition of one or more names as authorized signers on the designated account, Borrower acknowledges and agrees that any such agent or alternative account owner shall have the same authority as Borrower to request and receive credit advances under this Agreement, and Borrower hereby authorizes and empowers any such agent or alternative account owner for and on behalf of Borrower to borrow money and contract obligations under this Agreement, to request and receive credit advances under this Agreement, and to bind Borrower for such acts as fully as if the same were the acts of Borrower, and Borrower hereby ratifies and confirms and agrees to ratify and confirm all that is done by such agent or alternative account owner under and by virtue of the power of attorney and the authorization granted therein, as well as the power of attorney and the authorization granted herein.

**Level Payment Option.** You have the option of instructing us to bill you monthly for level payments on your Account in the amount specified below. However, if the amount of your level payment is less that the Minimum Payment required for any month, you must pay at least your Minimum Payment Amount.

_____ By initialing here, I am choosing to make level payments on my Credit Line Account. Please bill me for a monthly payment of $_____ on my Credit Line Account.

**Additional Payments.** At any time, you may make additional payments on your Credit Line, which will be applied as provided in the "Prepayment" and "Application of Payments" sections above. However, if you decide to pay the total amount due on your Credit Line, you must call us for an exact pay-off balance for the day you will make payment since FINANCE CHARGES are imposed each day any principal balance is outstanding. Should any additional payment exceed the total amount due under your Credit Line, we will credit the amount of such overpayment to your designated checking account with us or, if you have not designated a checking account, by forwarding a check to you in the amount of the overpayment.

**ADDITIONAL COLLATERAL.** _____

**ADDITIONAL PROVISIONS TO CREDIT AGREEMENT.** An exhibit, titled "ADDITIONAL PROVISIONS TO CREDIT AGREEMENT," is attached to this Agreement and by this reference is made a part of this Agreement just as if all the provisions, terms and conditions of the Exhibit had been fully set forth in this Agreement.

**Acknowledgment and Amendments.** You understand and agree to the terms and conditions in this Agreement. You acknowledge that, subject to applicable laws, we have the right to change the terms and conditions of the Credit Line program, including without limitation the Margin. If we change the Periodic Rate and subsequent new credit advances are made under this Agreement, the entire balance will be subject to the new rates. You also understand and agree that you may be subject to other agreements with us regarding transfer instruments or access devices which may require your Credit Line. Any person signing below may request a modification to this Agreement, and, if granted, the modification will be binding upon all signers. By signing this Agreement, you acknowledge that you have read this Agreement. You also acknowledge receipt of a copy of this Agreement, including the Fair Credit Billing Notice.

This Agreement is dated December 20, 1999.

**CAUTION – IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT.**

**BORROWER:**

X _____
DR DELORES V VICTORIA

**ACCEPTED: WHITNEY NATIONAL BANK**

By: _____    Effective Disbursement Date: _12/2/99_

**12-20-1999**          **PERSONAL LINE OF CREDIT AGREEMENT AND DISCLOSURE**          • **Page 4**
**Loan No 720225302**                         **(Continued)**

Variable Rate, Line of Credit.          LASER PRO, Reg. U.S. Pat. & T.M. Off., Ver. 3.27a (c) 1996 CFI ProServices, Inc.

12-20-1999    **PERSONAL LINE OF CREDIT AGREEMENT AND DISCLOSURE**      Page 5
. Loan No 720225302                **(Continued)**

## BILLING ERROR RIGHTS

### YOUR BILLING RIGHTS

### KEEP THIS NOTICE FOR FUTURE USE

This notice contains important information about your rights and our responsibilities under the Fair Credit Billing Act.

**Notify us in case of errors or questions about your bill.**

If you think your bill is wrong, or if you need more information about a transaction on your bill, write us on a separate sheet at , 109 GREENVILLE BYPASS, GREENVILLE, AL 36037 or at the address listed on your bill. Write to us as soon as possible. We must hear from you no later than sixty (60) days after we sent you the first bill on which the error or problem appeared. You can telephone us, but doing so will not preserve your rights.

In your letter, give us the following information:

     Your name and account number.

     The dollar amount of the suspected error.

     Describe the error and explain, if you can, why you believe there is an error. If you need more information, describe the item you are not sure about.

If you have authorized us to pay your bill automatically from your savings or checking account, you can stop the payment on any amount you think is wrong. To stop the payment, your letter must reach us three (3) business days before the automatic payment is scheduled to occur.

**Your rights and our responsibilities after we receive your written notice.**

We must acknowledge your letter within thirty (30) days, unless we have corrected the error by then. Within ninety (90) days, we must either correct the error or explain why we believe the bill was correct.

After we receive your letter, we cannot try to collect any amount you question, or report you as delinquent. We can continue to bill you for the amount you question, including finance charges, and we can apply any unpaid amount against your Credit Limit. You do not have to pay any questioned amount while we are investigating, but you are still obligated to pay the parts of your bill that are not in question.

If we find that we made a mistake on your bill, you will not have to pay any finance charges related to any questioned amount. If we didn't make a mistake, you may have to pay finance charges, and you will have to make up any missed payments on the questioned amount. In either case, we will send you a statement of the amount you owe and the date on which it is due.

If you fail to pay the amount that we think you owe, we may report you as delinquent. However, if our explanation does not satisfy you and you write to us within ten (10) days telling us that you still refuse to pay, we must tell anyone we report you to that you have a question about your bill. And, we must tell you the name of anyone we reported you to. We must tell anyone we report you to that the matter has been settled between us when it finally is.

If we don't follow these rules, we can't collect the first $50 of the questioned amount, even if your bill was correct.

## ADDITIONAL PROVISIONS TO CREDIT AGREEMENT

| Borrower: | DR DELORES V VICTORIA<br>(SSN: 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)<br>P O BOX 810<br>GREENVILLE, AL 36037 | Lender: | WHITNEY NATIONAL BANK<br>109 GREENVILLE BYPASS<br>GREENVILLE, AL 36037 |
|---|---|---|---|

This ADDITIONAL PROVISIONS TO CREDIT AGREEMENT is attached to and by this reference is made a part of each Promissory Note or Credit Agreement, dated December 20, 1999, and executed in connection with a loan or other financial accommodations between WHITNEY NATIONAL BANK and DR DELORES V VICTORIA.

ADDITIONAL DEFAULT. In addition to the events of default set forth above, we may declare you to be in default if any one or more of the following events occur: any type of lien, levy, seizure, garnishment or court order affecting any of your accounts is presented to us; the death of any guarantor of your indebtedness under this Agreement; any material adverse change occurs in your financial condition.

TERMINATION BY US. You understand that we may cancel your Credit Line and all of your privileges under this Agreement at any time and for any reason without prior notice to you. You can expect this to happen should there occur any of the events of default described in the "Defaults" or "Additional Defaults" provisions above, or if we are precluded by government action from imposing the ANNUAL PERCENTAGE RATE provided under this Agreement. In all cases of cancellation, whether the cancellation of the Credit Line Account is by you or by us, you agree to pay immediately your entire outstanding balance, including any unposted advances and FINANCE CHARGES.

INCREASES IN YOUR CREDIT LIMIT. You may request that we increase your Credit Limit on your Credit Line at any time. In order to do so, we may require that you complete an additional credit application, provide us with updated credit information and sign additional security agreements that we may deem necessary. By signing this Agreement you acknowledge and agree that if we increase your Credit Limit, any such increase will be subject to all of the terms and conditions of this Agreement.

THIS ADDITIONAL PROVISIONS TO CREDIT AGREEMENT IS EXECUTED ON DECEMBER 20, 1999.

CAUTION – IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT.

**BORROWER:**

X _____
DR DELORES V VICTORIA

**LENDER:**

WHITNEY NATIONAL BANK

By: _____
Authorized Officer

LASER PRO, Reg. U.S. Pat. & T.M. Off., Ver. 3.27a (c) 1999 CFI ProServices, Inc. All rights reserved. [AL-G60 E3.27 F3.27 P3.27 DV73671.LN L11.OVL]

**FORM B10** (Official Form 10)(04/07)

| UNITED STATES BANKRUPTCY COURT___ MIDDLE ___ DISTRICT OF ___ ALABAMA ___ | **PROOF OF CLAIM** |
|---|---|

| Name of Debtor<br><br>DELORIS V. VICTORIA | Case Number<br><br>06-31225 |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br><br>Department of the Treasury - Internal Revenue Service | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |
|---|---|
| Name and address where notices should be sent:<br>Internal Revenue Service<br>INTERNAL REVENUE SERVICE<br>801 TOM MARTIN DRIVE<br>Stop 126<br>BIRMINGHAM, AL 35211<br>Telephone number: (205) 912-5294    Creditor #1363923 | ☐ Check box if you have never received any notices from the bankruptcy court in this case.<br><br>☐ Check box if the address differs from the address on the envelope sent to you by the court.    THIS SPACE IS FOR COURT USE ONLY |

| Last four digits of account or other number by which creditor identifies debtor:    **see attachment** | Check here ☐ replaces<br>if this claim ☐ amends    a previously filed claim, dated: _____ |
|---|---|

**1. Basis for Claim**
- ☐ Goods sold
- ☐ Services performed
- ☐ Money loaned
- ☐ Personal injury/wrongful death
- ☒ Taxes
- ☐ Other_____

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (fill out below)
Last four digits of your SS #: _____
Unpaid compensation for services performed

from _____ to _____
(date)                              (date)

**2. Date debt was incurred:**    **see attachment**

**3. If court judgment, date obtained:**

---

**4. Classification of Claim.** Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time case filed.
See reverse side for important explanations.

**Unsecured Nonpriority Claim** $ ___ 25,448.44 ___

☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**Unsecured Priority Claim.**

☒ Check this box if you have an unsecured claim, all or part of which is entitled to priority.

Amount entitled to priority $ ___ 28,440.66 ___

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

**Secured Claim.**

☒ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:

☐ Real Estate    ☐ Motor Vehicle    ☒ Other ___ see below* ___

Value of Collateral: $ ___ see below* ___
*All of debtor(s) right, title and interest to property - 26 U.S.C § 6321.
Amount of arrearage and other charges at time case filed included in secured claim, if any: $ ___ 55,536.10 ___

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☒ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

---

**5. Total Amount of Claim at Time Case Filed:** $ ___ 25,448.44 ___ ___ 55,536.10 ___ ___ 28,440.66 ___ ___ 109,425.20 ___
(unsecured)      (secured)      (priority)      (Total)

☒☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**6. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. | THIS SPACE IS FOR COURT USE ONLY

**7. Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**8. Date-Stamped Copy:** To receive an acknowledgement of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

| Date<br><br>05/08/2007 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):<br><br>_____ /s/ KENYA L BUFFORD, INSOLVENCY SPECIALIST _____ |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# Proof of Claim for Internal Revenue Taxes

Department of the Treasury/Internal Revenue Service



**Form 10**
Attachment

| | |
|---|---|
| **Docket Number** | 06-31225 |
| **Type of Bankruptcy Case** | Chapter 7A |
| **Date of Petition** | 09/25/2006 |

**In the Matter of:** DELORIS V. VICTORIA
225 WOODLAND HEIGHTS DR
GREENVILLE, AL 36037

The United States has not identified a right of setoff or counterclaim. However, this determination is based on available data and is not intended to waive any right to setoff against this claim debts owed to this debtor by this or any other federal agency. All rights of setoff are preserved and will be asserted to the extent lawful.

## Secured Claims (Notices of Federal tax lien filed under internal revenue laws before petition date)

| Taxpayer ID Number | Kind of Tax | Tax Period | Date Tax Assessed | Tax Due | Penalty to Petition Date | Interest to Petition Date | Notice of Tax Lien Filed: Date | Office Location |
|---|---|---|---|---|---|---|---|---|
| 72-1357031 | WT-FICA | 12/31/2000 | 12/08/2003 | $9,879.22 | $3,674.49 | $4,287.41 | | |
| 63-1103639 | FUTA | 12/31/2003 | 12/05/2005 | $3,209.29 | $1,908.26 | $539.68 | 04/27/2006 | Butler County |
| 63-1103639 | WT-FICA | 06/30/2004 | 08/22/2005 | $4,500.61 | $3,648.29 | $850.70 | Right to setoff | |
| 63-1103639 | WT-FICA | 09/30/2004 | 08/22/2005 | $4,227.70 | $2,494.78 | $549.33 | 10/28/2005 | Butler County |
| 63-1103639 | WT-FICA | 12/31/2004 | 08/22/2005 | $2,185.67 | $893.70 | $253.12 | 10/28/2005 | Butler County |
| 63-1103639 | FUTA | 12/31/2004 | 12/05/2005 | $2,170.00 | $769.02 | $251.31 | 04/27/2006 | Butler County |
| 63-1103639 | WT-FICA | 03/30/2005 | | $4,047.01 | $1,999.04 | $410.30 | Right to setoff | |
| 63-1103639 | WT-FICA | 06/30/2005 | 12/12/2005 | $1,732.41 | $907.33 | $147.43 | 04/27/2006 | Butler County |
| | | | | $31,951.91 | $16,294.91 | $7,289.28 | | |

**Total Amount of Secured Claims:** $55,536.10

## Unsecured Priority Claims under section 507(a)(8) of the Bankruptcy Code

| Taxpayer ID Number | Kind of Tax | Tax Period | Date Tax Assessed | Tax Due | Interest to Petition Date |
|---|---|---|---|---|---|
| 72-1357031 | WT-FICA | 09/30/1997 | ESTIMATED LIABILITY * | $250.00 | $0.00 |
| 63-1103639 | WT-FICA | 06/30/1999 | *I* UNASSESSED-NO RETURN | $1,454.14 | $860.28 |
| 72-1357031 | MISC. PEN. | 12/31/1999 | 10/28/2002 | $0.00 | $186.24 |
| 72-1357031 | WT-FICA | 06/30/2001 | *I* UNASSESSED-NO RETURN | $1,463.00 | $0.00 |
| 72-1357031 | WT-FICA | 09/30/2001 | *I* UNASSESSED-NO RETURN | $1,463.00 | $0.00 |
| 72-1357031 | WT-FICA | 12/31/2001 | *I* UNASSESSED-NO RETURN | $1,463.00 | $0.00 |
| 72-1357031 | FUTA | 12/31/2001 | *I* UNASSESSED-NO RETURN | $2,500.00 | $0.00 |
| 72-1357031 | FUTA | 12/31/2002 | *I* UNASSESSED-NO RETURN | $2,500.00 | $0.00 |
| 72-1357031 | WT-FICA | 06/30/2003 | *I* UNASSESSED-NO RETURN | $1,463.00 | $0.00 |
| 72-1357031 | FUTA | 12/31/2003 | *I* UNASSESSED-NO RETURN | $2,500.00 | $0.00 |
| 63-1103639 | MISC. PEN. | 12/31/2003 | 10/09/2006 | $0.00 | $0.00 |
| 72-1357031 | FUTA | 12/31/2004 | *I* UNASSESSED-NO RETURN | $2,500.00 | $0.00 |
| XXX-XX-7367 | INCOME | 12/31/2005 | *I* UNASSESSED-NO RETURN | $5,000.00 | $0.00 |

(Continued on Page 2)

*I* UNASSESSED TAX LIABILITIES(S) HAVE BEEN LISTED ON THIS CLAIM BECAUSE OUR RECORDS SHOW NO RETURN(S) FILED. WHEN THE DEBTOR(S) FILES THE RETURN OR PROVIDES OTHER INFORMATION AS REQUIRED BY LAW THE CLAIM WILL BE AMENDED.

# Proof of Claim for
# Internal Revenue Taxes

Department of the Treasury/Internal Revenue Service



**Form 10**
Attachment

| Docket Number |
| --- |
| 06-31225 |
| **Type of Bankruptcy Case** |
| Chapter 7A |
| **Date of Petition** |
| 09/25/2006 |

**In the Matter of:**  DELORIS V. VICTORIA
225 WOODLAND HEIGHTS DR
GREENVILLE, AL  36037

---

**Unsecured Priority Claims** (Continued from Page 1)

| Taxpayer ID Number | Kind of Tax | Tax Period | Date Tax Assessed | Tax Due | Interest to Petition Date |
| --- | --- | --- | --- | --- | --- |
| 72-1357031 | WT-FICA | 06/30/2006 | 1 UNASSESSED-NO RETURN | $2,419.00 | $0.00 |
| 72-1357031 | WT-FICA | 09/30/2006 | 1 UNASSESSED-NO RETURN | $2,419.00 | $0.00 |
| | | | | $27,394.14 | $1,046.52 |

**Total Amount of Unsecured Priority Claims:**  $28,440.66

---

**Unsecured General Claims**

Penalty to date of petition on unsecured priority claims (including interest thereon) . . . . . . . . . $25,448.44

**Total Amount of Unsecured General Claims:**  $25,448.44

---

1  UNASSESSED TAX LIABILITIES(S) HAVE BEEN LISTED ON THIS CLAIM BECAUSE OUR RECORDS SHOW NO RETURN(S) FILED. WHEN THE DEBTOR(S) FILES THE RETURN OR PROVIDES OTHER INFORMATION AS REQUIRED BY LAW THE CLAIM WILL BE AMENDED.

1872                                                        COURT RECORDING DATA

```
------------------------------------------+-------------------------------------
      INTERNAL REVENUE SERVICE            | Lien Recorded   : 10/28/2005 - 11:01AM
  FACSIMILE FEDERAL TAX LIEN DOCUMENT     | Recording Number: 49169
                                          | UCC Number     :
                                          | Liber          : 0029
  BANKRUPTCY DOCKET: 06-31225@ALM         | Page           : 190
------------------------------------------+-------------------------------------
  Area: SMALL BUSINESS/SELF EMPLOYED #5   | IRS Serial Number: 254682005
  Lien Unit Phone: (800) 913-6050         |
------------------------------------------+-------------------------------------
```

                    This Lien Has Been Filed in Accordance with
                      Internal Revenue Regulation 301.6323(f)-1.

```
-------------------------------------------------------------------------------
```

Name of Taxpayer :
  DOLORES V VICTORIA

```
-------------------------------------------------------------------------------
```

Residence :
  PO BOX 810
  GREENVILLE, AL 36037-0810

```
-------------------------------------------------------------------------------
```

  With respect to each assessment below, unless notice of lien
  is refiled by the date in column(e), this notice shall constitute
  the certificate of release of lien as defined in IRC 6325(a).

| Form (a) | Period (b) | ID Number (c) | Assessed (d) | Refile Deadline (e) | Unpaid Balance (f) |
|------|------------|---------------|--------------|---------------------|--------------------|
| 941  | 03/31/2004 | 63-1103639    | 08/22/2005   | 09/21/2015          | $5,764.82          |
| 941  | 06/30/2004 | 63-1103639    | 08/22/2005   | 09/21/2015          | $9,048.97          |
| 941  | 09/30/2004 | 63-1103639    | 08/22/2005   | 09/21/2015          | $6,259.20          |
| 941  | 12/31/2004 | 63-1103639    | 08/22/2005   | 09/21/2015          | $2,840.33          |

```
-------------------------------------------------------------------------------
```

Filed at:   Judge of Probate
            Butler County                          Total  |  $23,913.32
            Greenville, AL 36037

```
-------------------------------------------------------------------------------
```

This notice was prepared and executed at DALLAS, TX
on this, the 19th day of October, 2005.

```
-------------------------------------------------------------------------------
```

Authorizing Official:                  | Title:
  L. F. SANKEY                         | REVENUE OFFICER              28-02-2738

```
-------------------------------------------------------------------------------
```

COURT RECORDING DATA

```
           INTERNAL REVENUE SERVICE          | Lien Recorded   : 04/27/2006 - 12:22PM
      FACSIMILE FEDERAL TAX LIEN DOCUMENT     | Recording Number:
                                              | UCC Number      :
                                              | Liber           : 29
BANKRUPTCY DOCKET: 06-31225@ALM               | Page            : 511
----------------------------------------------+-------------------------------------
Area: SMALL BUSINESS/SELF EMPLOYED #5         | IRS Serial Number: 285508506
Lien Unit Phone: (800) 913-6050               |
-------------------------------------------------------------------------------------
              This Lien Has Been Filed in Accordance with
                Internal Revenue Regulation 301.6323(f)-1.
-------------------------------------------------------------------------------------
Name of Taxpayer :
  DOLORES V VICTORIA


-------------------------------------------------------------------------------------
Residence :
  PO BOX 810
  GREENVILLE, AL 36037-0810
-------------------------------------------------------------------------------------
With respect to each assessment below, unless notice of lien
is refiled by the date in column(e), this notice shall constitute
the certificate of release of lien as defined in IRC 6325(a).
------+----------+------------+------------+----------------+----------------
Form  |  Period  | ID Number  | Assessed   | Refile Deadline| Unpaid Balance
 (a)  |   (b)    |    (c)     |   (d)      |      (e)       |     (f)
------+----------+------------+------------+----------------+----------------
 940  | 12/31/2003 | 63-1103639 | 12/05/2005 |  01/04/2016   |    $5,180.87
 940  | 12/31/2004 | 63-1103639 | 12/05/2005 |  01/04/2016   |    $2,916.17
 941  | 03/31/2005 | 63-1103639 | 12/05/2005 |  01/04/2016   |    $5,917.53
 941  | 06/30/2005 | 63-1103639 | 12/12/2005 |  01/11/2016   |    $2,558.85
```

```
              ---------------------------------------------------------------
Filed at:    Judge of Probate
             Butler County                            Total  |   $16,573.42
             Greenville, AL 36037                             |
             ---------------------------------------------------------------
This notice was prepared and executed at DALLAS, TX
on this, the 19th day of April, 2006.
             ---------------------------------------------------------------
Authorizing Official:                      | Title:
  L. F. SANKEY                             | REVENUE OFFICER        25-02-2738
             ---------------------------------------------------------------
```

| Name of Debtor<br>Deloris V. Victoria | Case Number<br>06-31225 |
|---|---|

**NOTE:** This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. §503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br>CAMDEN NATIONAL.<br><br>Name and Address where notices should be sent:<br><br>CAMDEN NATIONAL.<br>3 WATER STREET<br>Camden, AL 36726-2110<br><br>Telephone Number:  334-371-1000 | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check box if you have never received any notices from the bankruptcy court in this case.<br><br>☐ Check box if the address differs from the address on the envelope sent to you by the court. | 06-31225<br><br>1365913<br><br>THIS SPACE IS FOR COURT USE ONLY |
|---|---|---|

| Account or other number by which creditor identifies debtor:<br>94581 | Check here if ☐ replaces<br>this claim   ☐ amends      a previously filed claim, dated:_____ |
|---|---|

**1. Basis for Claim**

☐ Goods sold
☐ Services performed
☒ Money loaned
☐ Personal injury/wrongful death
☐ Taxes
☐ Other

☐ Retiree benefits as defined in 11 U.S.C. §1114(a)
☐ Wages, salaries, and compensation (fill out below)
Last four digits of SS #:
Unpaid compensation for services performed
from _____ to _____
(date)            (date)

**2. Date debt was incurred:**
03/28/2006

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:**  $_____  12,997.66 _____  12,997.66
(unsecured)      (secured)    (priority)      (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**

☒ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☐ Real Estate  ☐ Motor Vehicle
☒ Other EQUIPMENT

Value of Collateral:  $ 20,000

Amount of arrearage and other charges at time case filed included in secured claim, if any: $ 0.00

**6. Unsecured Nonpriority Claim $_____**
☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim

Amount entitled to priority $_____
Specify the priority of your claim:
☐ Wages, salaries, or commissions (up to $10,950),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
☐ Contributions to an employee benefit plan - 11 U.S.C. §507(a)(4).
☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. $10,000 and 180-day limits apply to cases filed on or after 4/20/05. Pub. L. 109-8.

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9. Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien.  DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**10. Date-Stamped Copy:** Available via PACER

| Date<br><br>7/9/07 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):<br>*William S. Johnson*<br>WILLIAM S. JOHNSON,  VICE PRESIDENT | RECEIVED<br><br>JUL 1  2007<br><br>U.S. BANKRUPTCY COURT<br>MONTGOMERY, ALABAMA |
|---|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

032819

*CHARGE OFF*

| | | |
|---|---|---|
| DOLORES V VICTORIA<br>P O BOX 810<br>GREENVILLE AL 36037 | | **SCANNED** |

BUTLER COUNTY BANK
281 G'VILLE BYPASS-P O BOX 190
GREENVILLE AL 36037

Loan Number _____ 94581
Date _____ 3/28/06
Maturity Date _____ 9/15/07
Loan Amount $ _____ 19,697.16
Renewal Of _____

**BORROWER'S NAME AND ADDRESS**
"I" includes each borrower above, jointly and severally.

**LENDER'S NAME AND ADDRESS**
"You" means the lender, its successors and assigns.

For value received, I promise to pay to you, or your order, at your address listed above the **PRINCIPAL** sum of _____
NINETEEN THOUSAND SIX HUNDRED NINETY SEVEN AND 16/100 Dollars $ _____ 19,697.16

☒ **Single Advance:** I will receive all of this principal sum on __3/28/06__ . No additional advances are contemplated under this note

☐ **Multiple Advance:** The principal sum shown above is the maximum amount of principal I can borrow under this note. On _____
_____ I will receive the amount of $ _____ and future principal advances are contemplated
**Conditions:** The conditions for future advances are _____
_____
_____

☐ **Open End Credit:** You and I agree that I may borrow up to the maximum amount of principal more than one time. This feature is subject to
all other conditions and expires on _____ .

☒ **Closed End Credit:** You and I agree that I may borrow up to the maximum only one time (and subject to all other conditions).

**INTEREST:** I agree to pay interest on the outstanding principal balance from __3/28/06__ at the rate of __9.000__ %
per year until __paid in full__ .

☐ **Variable Rate:** This rate may then change as stated below.
   ☐ **Index Rate:** The future rate will be _____ the following index rate: _____
_____
_____

   ☐ **No Index:** The future rate will not be subject to any internal or external index. It will be entirely in your control.
   ☐ **Frequency and Timing:** The rate on this note may change as often as _____
      A change in the interest rate will take effect _____
   ☐ **Limitations:** During the term of this loan, the applicable annual interest rate will not be more than _____ % or less than
      _____ %. The rate may not change more than _____ % each _____
   **Effect of Variable Rate:** A change in the interest rate will have the following effect on the payments:
   ☐ The amount of each scheduled payment will change.        ☐ The amount of the final payment will change.
   ☐ _____

**ACCRUAL METHOD:** Interest will be calculated on a __actual/365__ basis.

**POST MATURITY RATE:** I agree to pay interest on the unpaid balance of this note owing after maturity, and until paid in full, as stated below:
   ☒ on the same fixed or variable rate basis in effect before maturity (as indicated above).
   ☐ at a rate equal to _____

☒ **LATE CHARGE:** If a payment is made more than __10__ days after it is due, I agree to pay a late charge of __5% of late__
   __pmt with a min. of $10 and a max. of $100__

☒ **ADDITIONAL CHARGES:** In addition to interest, I agree to pay the following charges which ☒ are ☐ are not included in the principal amount
   above: __PROCESSING FEE OF $100.00__ _____

**PAYMENTS:** I agree to pay this note as follows:
☐ **Interest:** I agree to pay accrued interest _____
_____

☐ **Principal:** I agree to pay the principal _____
_____

☒ **Installments:** I agree to pay this note in __18__ payments. The first payment will be in the amount of $ __1,170.32__
   and will be due __April 15, 2006__ . A payment of $ __1,170.32__ will be due __on the 15th__
   __day of each Month__ thereafter. The final payment of the entire
   unpaid balance of principal and interest will be due __September 15, 2007__ .

**ADDITIONAL TERMS:**

| | |
|---|---|
| ☒ **SECURITY:** This note is separately secured by (describe separate document by type and date):<br><br>UCC-1<br>4/15/04<br><br>(This section is for your internal use. Failure to list a separate security document does not mean the agreement will not secure this note.) | **PURPOSE:** The purpose of this loan is _____<br>__REFINANCE TO LOWER PAYMENTS__<br>**SIGNATURES: I AGREE TO THE TERMS OF THIS NOTE (INCLUDING THOSE ON PAGE 2).** I have received a copy on today's date.<br><br>**CAUTION - IT IS IMPORTANT THAT YOU THOROUGHLY READ THIS CONTRACT BEFORE YOU <u>SIGN</u> IT.** |

**DISPOSITION OF FUNDS**

Deposited to Account Number _____     Check Number _____

Signature for Lender

_____ 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

WILLIAM S JOHNSON                    DOLORES V VICTORIA

_____ PRESIDENT

UNIVERSAL NOTE
**Experts** © 1984, 1991 Bankers Systems, Inc., St. Cloud, MN  Form UN-AL 3/4/2002

*(page 1 of 2)*

DOLORES V VICTORIA
P O BOX 810
GREENVILLE AL 36037

**PAID BY RENEWAL**

GREENVILLE AL 36037

| | |
|---|---|
| Loan Number | 88988 |
| Date | 10/15/04 |
| Maturity Date | 10/15/07 |
| Loan Amount $ | 33,100.00 |
| Renewal Of | |

**BORROWER'S NAME AND ADDRESS**
"I" includes each borrower above, jointly and severally.

**LENDER'S NAME AND ADDRESS**
"You" means the lender, its successors and assigns.

For value received, I promise to pay to you, or your order, at your address listed above the **PRINCIPAL** sum of _____
THIRTY THREE THOUSAND ONE HUNDRED AND NO/100 _____ Dollars $ _____ 33,100.00

☒ **Single Advance:** I will receive all of this principal sum on __10/15/04__ . No additional advances are contemplated under this note.

☐ **Multiple Advance:** The principal sum shown above is the maximum amount of principal I can borrow under this note. On _____
_____ I will receive the amount of $ _____ and future principal advances are contemplated.
**Conditions:** The conditions for future advances are _____

☐ **Open End Credit:** You and I agree that I may borrow up to the maximum amount of principal more than one time. This feature is subject to all other conditions and expires on _____ .

☐ **Closed End Credit:** You and I agree that I may borrow up to the maximum only one time (and subject to all other conditions).

**INTEREST:** I agree to pay interest on the outstanding principal balance from __10/15/04__ at the rate of __8.000__ %
per year until __paid in full__ .

☐ **Variable Rate:** This rate may then change as stated below.

☐ **Index Rate:** The future rate will be _____ the following index rate: _____

☐ **No Index:** The future rate will not be subject to any internal or external index. It will be entirely in your control.

☐ **Frequency and Timing:** The rate on this note may change as often as _____ .
A change in the interest rate will take effect _____ .

☐ **Limitations:** During the term of this loan, the applicable annual interest rate will not be more than _____ % or less than
_____ %. The rate may not change more than _____ % each _____ .

**Effect of Variable Rate:** A change in the interest rate will have the following effect on the payments:
☐ The amount of each scheduled payment will change.    ☐ The amount of the final payment will change.
☐ _____

**ACCRUAL METHOD:** Interest will be calculated on a _____ actual/365 _____ basis.

**POST MATURITY RATE:** I agree to pay interest on the unpaid balance of this note owing after maturity, and until paid in full, as stated below:
☒ on the same fixed or variable rate basis in effect before maturity (as indicated above).
☐ at a rate equal to _____

☒ **LATE CHARGE:** If a payment is made more than __10__ days after it is due, I agree to pay a late charge of __5% of late__
__pmt with a min. of $10 and a max. of $100__ .

☒ **ADDITIONAL CHARGES:** In addition to interest, I agree to pay the following charges which ☒ are ☐ are not included in the principal amount above: __PROCESSING FEE $100.00__

**PAYMENTS:** I agree to pay this note as follows:
☐ **Interest:** I agree to pay accrued interest _____

☐ **Principal:** I agree to pay the principal _____

☒ **Installments:** I agree to pay this note in __36__ payments. The first payment will be in the amount of $ __1,037.12__
and will be due __November 15, 2004__ . A payment of $ __1,037.12__ will be due __on the 15th__
__day of each Month__ thereafter. The final payment of the entire
unpaid balance of principal and interest will be due __October 15, 2007__ .

**ADDITIONAL TERMS:**
EQUIPMENT AS STATED ON EXHIBIT 'A' DR VICTORIA MEDICAL OFFICE AND EXHIBIT
'B' BARIATRIC MEDICINE

☒ **SECURITY:** This note is separately secured by (describe separate document by type and date):
UCC-1
4/15/04
(This section is for your internal use. Failure to list a separate security document does not mean the agreement will not secure this note.)

**DISPOSITION OF FUNDS**

Deposited to Account Number _____    Check Number _____

Signature for Lender

WSJ

**PURPOSE:** The purpose of this loan is _____
REN/CONVERTS TO MONTHLY PMTS/ORIG OPERATING

**SIGNATURES: I AGREE TO THE TERMS OF THIS NOTE (INCLUDING THOSE ON PAGE 2).** I have received a copy on today's date.

CAUTION - IT IS IMPORTANT THAT YOU THOROUGHLY READ THIS CONTRACT BEFORE YOU SIGN IT.

_____  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
DOLORES V VICTORIA

_____

UNIVERSAL NOTE
ExpersΞ © 1984, 1991 Bankers Systems, Inc., St. Cloud, MN Form UN-AL 3/4/2002

*(page 1 of 2)*

| | | |
|---|---|---|
| DOLORES V VICTORIA<br>P O BOX 810<br>GREENVILLE AL 36037 | BUTLER COUNTY BANK<br>281 G'VILLE BYPASS-P O BOX 190<br>GREENVILLE AL 36037 | Loan Number _____ 87051<br>Date _____ 7/15/04<br>Maturity Date _____ 10/15/04<br>Loan Amount $ _____ 33,100.47<br>Renewal Of _____ 87051 |
| **BORROWER'S NAME AND ADDRESS**<br>"I" includes each borrower above, jointly and severally. | **LENDER'S NAME AND ADDRESS**<br>"You" means the lender, its successors and assigns. | |

For value received, I promise to pay to you, or your order, at your address listed above the **PRINCIPAL** sum of _____
THIRTY THREE THOUSAND ONE HUNDRED AND 47/100 _____ Dollars $ _____ 33,100.47 _____

☒ **Single Advance:** I will receive all of this principal sum on _____ 7/15/04 _____ . No additional advances are contemplated under this note.

☐ **Multiple Advance:** The principal sum shown above is the maximum amount of principal I can borrow under this note. On _____
_____ I will receive the amount of $ _____ and future principal advances are contemplated.
  **Conditions:** The conditions for future advances are _____
_____
_____

  ☐ **Open End Credit:** You and I agree that I may borrow up to the maximum amount of principal more than one time. This feature is subject to all other conditions and expires on _____ .
  ☐ **Closed End Credit:** You and I agree that I may borrow up to the maximum only one time (and subject to all other conditions).

**INTEREST:** I agree to pay interest on the outstanding principal balance from _____ 7/15/04 _____ at the rate of _____ 8.250 % per year until paid in full _____

☐ **Variable Rate:** This rate may then change as stated below.
  ☐ **Index Rate:** The future rate will be _____ the following index rate: _____
_____
_____

  ☐ **No Index:** The future rate will not be subject to any internal or external index. It will be entirely in your control.
  ☐ **Frequency and Timing:** The rate on this note may change as often as _____ .
    A change in the interest rate will take effect _____ .
  ☐ **Limitations:** During the term of this loan, the applicable annual interest rate will not be more than _____ % or less than _____ %. The rate may not change more than _____ % each _____ .
  **Effect of Variable Rate:** A change in the interest rate will have the following effect on the payments:
  ☐ The amount of each scheduled payment will change.    ☐ The amount of the final payment will change.
  ☐ _____

**ACCRUAL METHOD:** Interest will be calculated on a _____ actual/365 _____ basis.

**POST MATURITY RATE:** I agree to pay interest on the unpaid balance of this note owing after maturity, and until paid in full, as stated below:
  ☒ on the same fixed or variable rate basis in effect before maturity (as indicated above).
  ☐ at a rate equal to _____

☒ **LATE CHARGE:** If a payment is made more than _____ 10 _____ days after it is due, I agree to pay a late charge of _____ 5% of late pmt with a min. of $10 and a max. of $100

☒ **ADDITIONAL CHARGES:** In addition to interest, I agree to pay the following charges which ☒ are ☐ are not included in the principal amount above: PROCESSING FEE $100.00 _____

**PAYMENTS:** I agree to pay this note as follows:
☒ **Interest:** I agree to pay accrued interest with the principal _____

☒ **Principal:** I agree to pay the principal on demand, but if no demand is made then on 10/15/04.

☐ **Installments:** I agree to pay this note in _____ payments. The first payment will be in the amount of $ _____ and will be due _____ . A payment of $ _____ will be due _____ _____ thereafter. The final payment of the entire unpaid balance of principal and interest will be due _____ .

**ADDITIONAL TERMS:**

| | |
|---|---|
| ☒ **SECURITY:** This note is separately secured by (describe separate document by type and date):<br><br>UCC-1<br>4/15/04<br><br>(This section is for your internal use. Failure to list a separate security document does not mean the agreement will not secure this note.) | **PURPOSE:** The purpose of this loan is _____<br>RENEWAL ORIGINALLY FOR OPERATING CAPITAL .<br>**SIGNATURES: I AGREE TO THE TERMS OF THIS NOTE (INCLUDING THOSE ON PAGE 2).** I have received a copy on today's date.<br><br>CAUTION - IT IS IMPORTANT THAT YOU THOROUGHLY READ THIS CONTRACT BEFORE YOU SIGN IT. |

**DISPOSITION OF FUNDS**

Deposited to Account Number _____    Check Number _____
Signature for Lender

_____    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
DOLORES V VICTORIA

_____
WSJ

UNIVERSAL NOTE
Expere™ © 1984, 1991 Bankers Systems, Inc., St. Cloud, MN Form UN-AL 3/4/2002

*(page 1 of 2)*

| DOLORES V VICTORIA | | |
|---|---|---|
| P O BOX 810 | | |
| GREENVILLE AL 36037 | | |

| | Loan Number | 87051 |
|---|---|---|
| BUTLER COUNTY BANK | Date | 4/15/04 |
| 281 G'VILLE BYPASS-P O BOX 190 | Maturity Date | 7/15/04 |
| GREENVILLE AL 36037 | Loan Amount $ | 35,120.00 |
| | Renewal Of | |

**PAID BY RENEWAL**

**BORROWER'S NAME AND ADDRESS**
"I" includes each borrower above, jointly and severally.

**LENDER'S NAME AND ADDRESS**
"You" means the lender, its successors and assigns.

For value received, I promise to pay to you, or your order, at your address listed above the **PRINCIPAL** sum of
THIRTY FIVE THOUSAND ONE HUNDRED TWENTY AND NO/100 _____ Dollars $ _____ 35,120.00 _____

☒ **Single Advance:** I will receive all of this principal sum on __4/15/04__ . No additional advances are contemplated under this note.

☐ **Multiple Advance:** The principal sum shown above is the maximum amount of principal I can borrow under this note. On _____
_____ I will receive the amount of $ _____ and future principal advances are contemplated.
**Conditions:** The conditions for future advances are _____

☐ **Open End Credit:** You and I agree that I may borrow up to the maximum amount of principal more than one time. This feature is subject to
all other conditions and expires on _____

☐ **Closed End Credit:** You and I agree that I may borrow up to the maximum only one time (and subject to all other conditions).

**INTEREST:** I agree to pay interest on the outstanding principal balance from __4/15/04__ at the rate of __8.000__ %
per year until __paid in full__ .

☐ **Variable Rate:** This rate may then change as stated below.

☐ **Index Rate:** The future rate will be _____ the following index rate: _____

☐ **No Index:** The future rate will not be subject to any internal or external index. It will be entirely in your control.

☐ **Frequency and Timing:** The rate on this note may change as often as _____ .
A change in the interest rate will take effect _____ .

☐ **Limitations:** During the term of this loan, the applicable annual interest rate will not be more than _____ % or less than
_____ %. The rate may not change more than _____ % each _____ .

**Effect of Variable Rate:** A change in the interest rate will have the following effect on the payments:
☐ The amount of each scheduled payment will change.        ☐ The amount of the final payment will change.
☐ _____

**ACCRUAL METHOD:** Interest will be calculated on a __actual/365__ basis.

**POST MATURITY RATE:** I agree to pay interest on the unpaid balance of this note owing after maturity, and until paid in full, as stated below:
☒ on the same fixed or variable rate basis in effect before maturity (as indicated above).
☐ at a rate equal to _____ .

☒ **LATE CHARGE:** If a payment is made more than __10__ days after it is due, I agree to pay a late charge of __5% of late
pmt with a min. of $10 and a max. of $100__

☒ **ADDITIONAL CHARGES:** In addition to interest, I agree to pay the following charges which ☒ are ☐ are not included in the principal amount
above: __INTEREST SURCHARGE $100 AND UCC $20__

**PAYMENTS:** I agree to pay this note as follows:
☒ **Interest:** I agree to pay accrued interest __with the principal__

☒ **Principal:** I agree to pay the principal __on demand, but if no demand is made then
on 7/15/04.__

☐ **Installments:** I agree to pay this note in _____ payments. The first payment will be in the amount of $ _____
and will be due _____ . A payment of $ _____ will be due _____
_____ thereafter. The final payment of the entire
unpaid balance of principal and interest will be due _____ .

**ADDITIONAL TERMS:**
TWO MONTHLY PAYMENTS OF $1100 EACH DUE MAY 15, 2004 AND JUNE 15, 2004.
BALANCE OF LOAN TO BE DUE JULY 15, 2004.

☒ **SECURITY:** This note is separately secured by (describe separate document by type and date):
UCC
4/15/04
(This section is for your internal use. Failure to list a separate security document does not mean the agreement will not secure this note.)

**PURPOSE:** The purpose of this loan is _____
__OPERATING CAPITAL__ .

**SIGNATURES: I AGREE TO THE TERMS OF THIS NOTE (INCLUDING THOSE ON PAGE 2).** I have received a copy on today's date.

**CAUTION - IT IS IMPORTANT THAT YOU THOROUGHLY READ THIS CONTRACT BEFORE YOU SIGN IT.**

| DISPOSITION OF FUNDS | |
|---|---|
| Deposited to Account Number _____ | Check Number |

Signature for Lender

WSJ

_(signature)_  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
DOLORES V VICTORIA

UNIVERSAL NOTE
Expert © 1984, 1991 Bankers Systems, Inc., St. Cloud, MN Form UN-AL 3/4/2002

*(page 1 of 2)*

**SCANNED**

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]

B. SEND ACKNOWLEDGMENT TO:  (Name and Address)

> BUTLER COUNTY BANK
> 281 G'VILLE BYPASS-P O BOX 190
> GREENVILLE AL 36037

Alabama
Sec. Of State
B 04-0323200 FS
Date 4/23/2004
Time 17:00
040427    3 Pg
File           $20.00
ExPg           $2.00
Ackn           $.00
Form           $.00
Total          $22.00
04/029

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only <u>one</u> debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| VICTORIA | DOLORES | | | |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| P O BOX 810 | GREENVILLE | AL | 36037 0000 | |

| 1d. TAX ID #:   SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| 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 | | | | ☐ NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only <u>one</u> debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| | | | | |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| | | | 00000 0000 | |

| 2d. TAX ID #:   SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| | | | | ☐ NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only <u>one</u> secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| BUTLER COUNTY BANK | | | | |
| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 281 G'VILLE BYPASS-P O BOX 190 | Camden | AL | 36726 | USA |

4. This FINANCING STATEMENT covers the following collateral:

EQUIPMENT AS STATED ON EXHIBIT 'A' DR VICTORIA MEDICAL OFFICE AND EXHIBIT 'B' BARIATRIC MEDICINE

Loan# 87051

| 5. ALTERNATIVE DESIGNATION (if applicable): | ☐ LESSEE/LESSOR | ☐ CONSIGNEE/CONSIGNOR | ☐ BAILEE/BAILOR | ☐ SELLER/BUYER | ☐ AG. LIEN | ☐ NON-UCC FILING |
|---|---|---|---|---|---|---|

| 6. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.    Attach Addendum    (if applicable) | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE]    [optional] | ☐ All Debtors | ☐ Debtor 1 | ☐ Debtor 2 |
|---|---|---|---|---|

8. OPTIONAL FILER REFERENCE DATA

Bankers Systems, Inc., St. Cloud, MN Form UCC-1-LAZ 5/30/2001

ACKNOWLEDGMENT COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 07/29/98)

*Submitted by Dolores Victoria*    4-18-4

✳ *may include 4 collateral*

**Bariatric Medicine Assets**
**1/ 8/99 Through 1/ 8/99**

**E X H I B I T   B**

ALABAMA-2002 Victoria
1/ 2/95

Page

| Date | Num | Description | Memo | Category | Clr | Amount |
|------|-----|-------------|------|----------|-----|--------|
| | | INCOME/EXPENSE | | | | |
| | | INCOME | | | | |
| | | Income - Other | | | | |
| | | --------------- | | | | |
| 1/ 8 | | Furnitures | Reception Rm | | | 3,500.00 |
| 1/ 8 | | Furnitures | Business offic | | | 2,500.00 |
| 1/ 8 | | Copier,Fax etc | 2 computers | | | 2,500.00 |
| 1/ 8 | | 2 Exam room | Equipment/furn | | | 2,100.00 |
| 1/ 8 | | Microdermabrasion | and supplies | | | 17,000.00 |
| 1/ 8 | | Gym and exercise | Equipments | | | 3,500.00 |
| 1/ 8 | | BP machines,etc | Weighing scale | | | 1,500.00 |
| 1/ 8 | | Paintings-decors | | | | 2,100.00 |
| | | | | | | ---------- |
| | | Total Income - Other | | | | 34,700.00 |
| | | | | | | ---------- |
| | | TOTAL INCOME | | | | 34,700.00 |
| | | | | | | ---------- |
| | | TOTAL INCOME/EXPENSE | | | | 34,700.00 |
| | | | | | | ========== |

*Dolores Victoria*

SIGNED BY:  **DOLORES VICTORIA**

4-18-4

DATE

DOLORES V. VICTORIA
###BANKRUPTCY-DO NOT MAIL###
P O BOX 810
GREENVILLE AL   36037

CIF number......          V000733 0
Home phone no...   (334) 383-9151
Business phone..   (334) 382-8442
Tax ID number...      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
Type.... SI   SIMPLE INSTALLMENTS
Account number..          94581

**PAST DUE!**   **Charge off**   **Messages**   **Multiple Addresses**          **1 of 1**

| | | |
|---|---|---|
| Original loan amt | 19,697.16 | Officer/collection off.   WSJ WSJ |
| Current balance | 12,997.66 | Original loan date   3/28/06 |
| Accrued interest | .00 | Loan term   18 M |
| Late charges due | | Maturity date   9/15/07 |

| | | |
|---|---|---|
| Current payoff | 12,997.66 | Last payment date   11/01/06 |
| Payoff is good thru | 2/02/07 | Next payment due date   10/15/06 |
| **Payoff w/ sec acc** | **13,500.82** | Amt partially paid   585.36 |
| | | Amount past due   9,947.52 |
| Interest base | 365/365 | Payment amount   1,170.32 |
| Interest rate | 9.0000 | Payment type   Interest included |
| Per diem | 3.20490 | Payment frequency   1 M |

**More...**

F3=Exit  F12=Previous  F4,F5=History  F6=Messages  F7=Addresses
F8=Maintenance  F9=Relationships  F10=Pmt sched  F11=Escrow  F24=More keys

FORM B10 (Official Form 10) (04/07)

| UNITED STATES BANKRUPTCY COURT MIDDLE DISTRICT OF ALABAMA | PROOF OF CLAIM |
|---|---|

| Name of Debtor Deloris V. Victoria | Case Number 06-31225 |
|---|---|

**NOTE:** This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. §503.

**Name of Creditor** (The person or other entity to whom the debtor owes money or property): CAMDEN NATIONAL

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

**Name and Address where notices should be sent:**
CAMDEN NATIONAL
3 WATER STREET
Camden, AL 36726-2110

☐ Check box if you have never received any notices from the bankruptcy court in this case.
☐ Check box if the address differs from the address on the envelope sent to you by the court.

Telephone Number:  334-371-1000

THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies debtor:  92095

Check here if ☐ replaces ☐ amends   a previously filed claim, dated:_____
this claim

**1. Basis for Claim**
☐ Goods sold
☐ Services performed
☒ Money loaned
☐ Personal injury/wrongful death
☐ Taxes
☐ Other _____

☐ Retiree benefits as defined in 11 U.S.C. §1114(a)
☐ Wages, salaries, and compensation (fill out below)
Last four digits of SS #: ____
Unpaid compensation for services performed
from _____ to _____
(date)           (date)

| **2. Date debt was incurred:** 09/02/2005 | **3. If court judgment, date obtained:** |
|---|---|

**4. Total Amount of Claim at Time Case Filed:**   $ _____ 3639.49 _____ 3639.49
(unsecured)     (secured)     (priority)     (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☒ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☐ Real Estate  ☐ Motor Vehicle
☒ Other CERTIFICATE OF DEPOSIT

Value of Collateral:  $ _____ 2659.06

Amount of arrearage and other charges at time case filed included in secured claim, if any: $ 84.49

**6. Unsecured Nonpriority Claim** $ _____
☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim.

Amount entitled to priority $_____
Specify the priority of the claim:
☐ Wages, salaries, or commissions (up to $10,950),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
☐ Contributions to an employee benefit plan - 11 U.S.C. §507(a)(4).
☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(__).
*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. $10,000 and 180-day limits apply to cases filed on or after 4/20/05. Pub. L. 109-8.

THIS SPACE IS FOR COURT USE ONLY

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9. Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**10. Date-Stamped Copy:** Available via PACER

U.S. BANKRUPTCY COURT
MONTGOMERY, ALABAMA

| Date 7/9/07 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): *William S. Johnson* WILLIAM S. JOHNSON,  VICE PRESIDENT |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

032819

| DOLORES V VICTORIA<br>P O BOX 810<br>GREENVILLE AL 36037 | BUTLER COUNTY BANK<br>281 G'VILLE BYPASS-P O BOX 190<br>GREENVILLE AL 36037 | Loan Number _____ 92095<br>Date _____ 9/02/05<br>Maturity Date _____ 9/02/06<br>Loan Amount $ _____ 3,565.00<br>Renewal Of _____ |
| **BORROWER'S NAME AND ADDRESS**<br>"I" includes each borrower above, jointly and severally. | **LENDER'S NAME AND ADDRESS**<br>"You" means the lender, its successors and assigns. | |

For value received, I promise to pay to you, or your order, at your address listed above the PRINCIPAL sum of _____

THREE THOUSAND FIVE  HUNDRED SIXTY FIVE AND NO/100 _____ Dollars $ _____ 3,565.00

☐ **Single Advance:** I will receive all of this principal sum on _____ . No additional advances are contemplated under this note.

☒ **Multiple Advance:** The principal sum shown above is the maximum amount of principal I can borrow under this note. On _____ 9/02/05

_____ I will receive the amount of $ _____ and future principal advances are contemplated.

**Conditions:** The conditions for future advances are _____ UPON REQUEST FROM BORROWER _____

☒ **Open End Credit:** You and I agree that I may borrow up to the maximum principal sum more than one time. This feature is subject to all other

conditions and expires on _____ 9/02/06

☐ **Closed End Credit:** You and I agree that I may borrow (subject to all other conditions) up to the maximum principal sum only one time.

**INTEREST:** I agree to pay interest on the outstanding principal balance from _____ 9/02/05 _____ at the rate of _____ 5.750 %

per year until _____ paid in full _____ .

☐ **Variable Rate:** This rate may then change as stated below.

☐ **Index Rate:** The future rate will be _____ the following index rate: _____

☐ **No Index:** The future rate will not be subject to any internal or external index. It will be entirely in your control.

☐ **Frequency and Timing:** The rate on this note may change as often as _____ .

A change in the interest rate will take effect _____ .

☐ **Limitations:** During the term of this loan, the applicable annual interest rate will not be more than _____ % or less than

_____ %. The rate may not change more than _____ % each _____ .

**Effect of Variable Rate:** A change in the interest rate will have the following effect on the payments:

☐ The amount of each scheduled payment will change.   ☐ The amount of the final payment will change.

☐ _____

**ACCRUAL METHOD:** Interest will be calculated on a _____ actual/365 _____ basis.

**POST MATURITY RATE:** I agree to pay interest on the unpaid balance of this note owing after maturity, and until paid in full, as stated below:

☒ on the same fixed or variable rate basis in effect before maturity (as indicated above).

☐ at a rate equal to _____ .

☒ **LATE CHARGE:** If a payment is made more than _____ 10 _____ days after it is due, I agree to pay a late charge of _____ 5% of late _____ .

pmt with a min. of $10 and a max. of $100

☒ **ADDITIONAL CHARGES:** In addition to interest, I agree to pay the following charges which ☒ are ☐ are not included in the principal amount

above: _____ PROCESSING FEE $65.00 _____

**PAYMENTS:** I agree to pay this note as follows:

☒ **Interest:** I agree to pay accrued interest _____ on the   2nd day of each quarter beginning _____

12/02/05 _____ .

☒ **Principal:** I agree to pay the principal _____ on demand, but if no demand is made then _____

on  9/02/06. _____

☐ **Installments:** I agree to pay this note in _____ payments. The first payment will be in the amount of $ _____

and will be due _____ . A payment of $ _____ will be due _____

_____ thereafter. The final payment of the entire

unpaid balance of principal and interest will be due _____ .

**PURPOSE:** The purpose of this loan is _____ OPERATING EXP OF MEDICAL CLINIC _____ .

**ADDITIONAL TERMS:**

*(page 1 of 3)*

**SECURITY**

**SECURITY INTEREST:** I give you a security interest in all of the Property described below that I own or have sufficient rights in which to transfer an interest, now or in the future, wherever the Property is or will be located, and all proceeds and products of the Property. "Property" includes all parts, accessories, repairs, replacements, improvements, and accessions to the Property; any original evidence of title or ownership; and all obligations that support the payment or performance of the Property. "Proceeds" includes anything acquired upon the sale, lease, license, exchange, or other disposition of the Property; any rights and claims arising from the Property; and any collections and distributions on account of the Property.

☐ **Accounts and Other Rights to Payment:** All rights to payment, whether or not earned by performance, including, but not limited to, payment for property or services sold, leased, rented, licensed, or assigned. This includes any rights and interests (including all liens) which I have by law or agreement against any account debtor or obligor.

☐ **Inventory:** All inventory held for ultimate sale or lease, or which has been or will be supplied under contracts of service, or which are raw materials, work in process, or materials used or consumed in my business.

☐ **Equipment:** All equipment including, but not limited to, machinery, vehicles, furniture, fixtures, manufacturing equipment, farm machinery and equipment, shop equipment, office and record keeping equipment, parts, and tools. The Property includes any equipment described in a list or schedule I give to you, but such a list is not necessary to create a valid security interest in all of my equipment.

☐ **Instruments and Chattel Paper:** All instruments, including negotiable instruments and promissory notes and any other writings or records that evidence the right to payment of a monetary obligation, and tangible and electronic chattel paper.

☐ **General Intangibles:** All general intangibles including, but not limited to, tax refunds, patents and applications for patents, copyrights, trademarks, trade secrets, goodwill, trade names, customer lists, permits and franchises, payment intangibles, computer programs and all supporting information provided in connection with a transaction relating to computer programs, and the right to use my name.

☐ **Documents:** All documents of title including, but not limited to, bills of lading, dock warrants and receipts, and warehouse receipts.

☐ **Farm Products and Supplies:** All farm products including, but not limited to, all poultry and livestock and their young, along with their produce, products, and replacements; all crops, annual or perennial, and all products of the crops; and all feed, seed, fertilizer, medicines, and other supplies used or produced in my farming operations.

☐ **Government Payments and Programs:** All payments, accounts, general intangibles, and benefits including, but not limited to, payments in kind, deficiency payments, letters of entitlement, warehouse receipts, storage payments, emergency assistance and diversion payments, production flexibility contracts, and conservation reserve payments under any preexisting, current, or future federal or state government program.

☐ **Investment Property:** All investment property including, but not limited to, certificated securities, uncertificated securities, securities entitlements, securities accounts, commodity contracts, commodity accounts, and financial assets.

☐ **Deposit Accounts:** All deposit accounts including, but not limited to, demand, time, savings, passbook, and similar accounts.

☒ **Specific Property Description:** The Property includes, but is not limited by, the following:
CERTIFICATE OF DEPOSIT #19922

If applicable, enter real estate description and record owner information: _____
_____
_____
_____

The Property will be used for a ☐ personal ☒ business ☐ agricultural ☐ _____ purpose.
Borrower/Owner State of organization/registration (if applicable) _____

**ADDITIONAL TERMS OF THE SECURITY AGREEMENT**

**GENERALLY -** This agreement secures this note and any other debt I have with you, now or later. However, it will not secure other debts if you fail with respect to such other debts, to make any required disclosure about this security agreement or if you fail to give any required notice of the right of rescission. If property described in this agreement is located in another state, this agreement may also, in some circumstances, be governed by the law of the state in which the Property is located.

**NAME AND LOCATION -** My name indicated on page 1 is my exact legal name. If I am an individual, my address is my principal residence. If I am not an individual, my address is the location of my chief executive offices or sole place of business. If I am an entity organized and registered under state law, my address is located in the state in which I am registered, unless otherwise indicated on page 2. I will provide verification of registration and location upon your request. I will provide you with at least 30 days notice prior to any change in my name, address, or state of organization or registration.

**OWNERSHIP AND DUTIES TOWARD PROPERTY -** I represent that I own all of the Property, or to the extent this is a purchase money security interest I will acquire ownership of the Property with the proceeds of the loan. I will defend it against any other claimant. Your claim to the Property is ahead of the claims of any other creditor. I agree to do whatever you require to protect your security interest and to keep your claim in the Property ahead of the claims of other creditors. I will not do anything to harm your position. I will not use the Property for a purpose that will violate any laws or subject the Property to forfeiture or seizure.

I will keep books, records and accounts about the Property and my business in general. I will let you examine these records at any reasonable time. I will prepare any report or accounting you request, which deals with the Property.

I will keep the Property in my possession and will keep it in good repair and use it only for the purpose(s) described on page 1 of this agreement. I will not change this specified use without your express written permission. I represent that I am the original owner of the Property, and, if I am not, that I have provided you with a list of prior owners of the Property.

I will keep the Property at my address listed on page 1 of this agreement, unless we agree I may keep it at another location. If the Property is to be used in another state, I will give you a list of those states. I will not try to sell the Property unless it is inventory or I receive your written permission to do so. If I sell the Property I will have the payment made payable to the order of you and me.

You may demand immediate payment of the debt(s) if the debtor is not a natural person and without your prior written consent; (1) a beneficial interest in the debtor is sold or transferred, or (2) there is a change in either the identity or number of members of a partnership, or (3) there is a change in ownership of more than 25 percent of the voting stock of a corporation.

I will pay all taxes and charges on the Property as they become due. You have the right of reasonable access in order to inspect the Property. I will immediately inform you of any loss or damage to the Property.

If I fail to perform any of my duties under this security agreement, or any mortgage, deed of trust, lien or other security interest, you may without notice to me perform the duties or cause them to be performed. Your right to perform for me shall not create an obligation to perform and your failure to perform will not preclude you from exercising any of your other rights under the law or this security agreement.

**PURCHASE MONEY SECURITY INTEREST -** For the sole purpose of determining the extent of a purchase money security interest arising under this security agreement: (a) payments on any nonpurchase money loan also secured by this agreement will not be deemed to apply to the Purchase Money Loan, and (b) payments on the Purchase Money Loan will be deemed to apply first to the nonpurchase money portion of the loan, if any, and then to the purchase money obligations in the order in which the items of collateral were acquired or if acquired at the same time, in the order selected by you. No security interest will be terminated by application of this formula. "Purchase Money Loan" means any loan the proceeds of which, in whole or in part, are used to acquire any collateral securing the loan and all extensions, renewals, consolidations and refinancing of such loan.

**PAYMENTS BY LENDER -** You are authorized to pay, on my behalf, charges I am or may become obligated to pay to preserve or protect the secured property (such as property insurance premiums). You may treat those payments as advances and add them to the unpaid principal under the note secured by this agreement or you may demand immediate payment of the amount advanced.

**INSURANCE -** I agree to buy insurance on the Property against the risks and for the amounts you require and to furnish you continuing proof of coverage. I will have the insurance company name you as loss payee on any such policy. You may require added security if you agree that insurance proceeds may be used to repair or replace the Property. I will buy insurance from a firm licensed to do business in the state where you are located. The firm will be reasonably acceptable to you. The insurance will last until the Property is released from this agreement. If I fail to buy or maintain the insurance (or fail to name you as loss payee) you may purchase it yourself.

**WARRANTIES AND REPRESENTATIONS -** If this agreement includes accounts, I will not settle any account for less than its full value without your written consent. I will collect all accounts until you tell me otherwise. I will keep the proceeds from all the accounts and any goods which are returned to me or which I take back in trust for you. I will not mix them with any other property of mine. I will deliver them to you at your request. If you ask me to pay you the full price on any returned items or items retaken by myself, I will do so. You may exercise my rights with respect to obligations of any account debtors, or other persons obligated on the Property, to pay or perform, and you may enforce any security interest that secures such obligations.

If this agreement covers inventory, I will not dispose of it except in my ordinary course of business at the fair market value for the Property, or at a minimum price established between you and me.

┌─────────────────────────────────────────────┐
│ Any person who signs within this box does so to give you a security │
│ interest in the Property described on this page. This person does not │
│ promise to pay the note. "I" as used in this security agreement will │
│ include the borrower and any person who signs within this box. │
│                                                │
│                          Date _____ │
│                                                │
│ Signed _____ │
└─────────────────────────────────────────────┘

Exp̲e̲rₑₛ  ©1984, 1991 Bankers Systems, Inc., St. Cloud, MN  Form UNS-LAZ-AL  2/9/2001                    (page 2 of 3)

If this agreement covers farm products I will provide you, at your request, a written list of the buyers, commission merchants or selling agents to or through whom I may sell my farm products. In addition to those parties named on this written list, I authorize you to notify at your sole discretion any additional parties regarding your security interest in my farm products. I remain subject to all applicable penalties for selling my farm products in violation of my agreement with you and the Food Security Act. In this paragraph the terms farm products, buyers, commission merchants and selling agents have the meanings given to them in the Federal Food Security Act of 1985.

If this agreement covers chattel paper or instruments, either as original collateral or proceeds of the Property, I will note your interest on the face of the chattel paper or instruments.

REMEDIES - I will be in default on this security agreement if I am in default on any note this agreement secures or if I fail to keep any promise contained in the terms of this agreement. If I default, you have all of the rights and remedies provided in the note and under the Uniform Commercial Code. You may require me to make the secured property available to you at a place which is reasonably convenient. You may take possession of the secured property and sell it as provided by law. The proceeds will be applied first to your expenses and then to the debt. I agree that 10 days written notice sent to my last known address by first class mail will be reasonable notice under the Uniform Commercial Code.

My current address is on page 1.

PERFECTION OF SECURITY INTEREST - I authorize you to file a financing statement covering the Property. I will comply with, facilitate, and otherwise assist you in connection with obtaining possession of or control over the Property for purposes of perfecting your security interest under the Uniform Commercial Code.

## ADDITIONAL TERMS OF THE NOTE

DEFINITIONS - As used on pages 1 and 2, "I," "me" or "my" means each Borrower who signs this note and each other person or legal entity (including guarantors, endorsers, and sureties) who agrees to pay this note together referred to as "us"). "You" or "your" means the Lender and its successors and assigns.

APPLICABLE LAW - The law of the state of Alabama will govern this agreement. Any term of this agreement which is contrary to applicable law will not be effective, unless the law permits you and me to agree to such a variation. If any provision of this agreement cannot be enforced according to its terms, this fact will not affect the enforceability of the remainder of this agreement. No modification of this note or any agreement securing this note is effective unless the modification is in writing and signed by you and me. Time is of the essence in this agreement.

PAYMENTS - Each payment I make on this note will first reduce the amount I owe you for finance charges which are neither interest nor principal. The remainder of each payment will then reduce accrued unpaid interest, and then unpaid principal. If you and I agree to a different application of payments, we will describe our agreement on this note. I may prepay a part of, or the entire balance of this loan without penalty, unless we specify to the contrary on this note. Any partial prepayment will not excuse or replace any later scheduled payment until this note is paid in full (unless, when I make the prepayment, you and I agree in writing to the contrary).

INTEREST - Interest accrues on the principal remaining unpaid from time to time, until paid in full. If I receive the principal in more than one advance, and each advance will start to earn interest only when I receive the advance. The interest rate in effect on this note at any given time will apply to the entire principal sum outstanding at that time. Notwithstanding anything to the contrary, I do not agree to pay and you do not intend to charge any rate of interest that is higher than the maximum rate of interest you could charge under applicable law for the extension of credit that is agreed to in this note (either before or after maturity). If any notice of interest accrual is sent and is in error, we mutually agree to correct it, and if you actually collect more interest than allowed by law and this agreement, you agree to a refund it to me.

INDEX RATE - The index will serve only as a device for setting the interest rate on this note. You do not guarantee by selecting this index, or the margin, that the interest rate on this note will be the same rate you charge on any other loans or class of loans you make to me or other borrowers.

POST MATURITY RATE - For purposes of deciding when the "Post Maturity Rate" (shown on page 1) applies, the term "maturity" means the date of the last scheduled payment indicated on page 1 of this note or the date you accelerate payment on the note, whichever is earlier.

SINGLE ADVANCE LOANS - If this is a single advance loan, you and I expect that you will make only one advance of principal. However, you may add other amounts to the principal if you make any payments described in the "PAYMENTS BY LENDER" paragraph on page 2.

MULTIPLE ADVANCE LOANS - If this is a multiple advance loan, you and I expect that you will make more than one advance of principal. If this is closed end credit, repaying a part of the principal will not entitle me to additional credit.

SET-OFF - I agree that you may set off any amount due and payable under this note against any right I have to receive money from you.

"Right to receive money from you" means:
(1) any deposit account balance I have with you;
(2) any money owed to me or an item presented to you or in your possession for collection or exchange; and
(3) any repurchase agreement or other nondeposit obligation.

"Any amount due and payable under this note" means the total amount of which you are entitled to demand payment under the terms of this note at the time you set off. This total includes any balance the due date for which you properly accelerate under this note.

If my right to receive money from you is also owned by someone who has not agreed to pay this note, your right of set-off will apply to my interest in the obligation and to any other amounts I could withdraw on my sole request or endorsement. Your right of set-off does not apply to an account or other obligation where my rights are only as a representative. It also does not apply to any Individual Retirement Account or other tax-deferred retirement account.

You will not be liable for the dishonor of any check when the dishonor occurs because you set off this debt against any of my accounts. I agree to hold you harmless from any such claims arising as a result of your exercise of your right to set-off.

DEFAULT - I will be in default if any one or more of the following occur: (1) I fail to make a payment on time or in the amount due; (2) I fail to keep the Property insured, if required; (3) I fail to pay, or keep any promise, on any debt or agreement I have with you; (4) any other creditor of mine attempts to collect any debt I owe him through court proceedings; (5) I die, am declared incompetent, make an assignment for the benefit of creditors, or become insolvent (either because my liabilities exceed my assets or I am unable to pay my debts as they become due); (6) I make any written statement or provide any financial information that is untrue or inaccurate at the time it was provided; (7) I do or fail to do something which causes you to believe you will have difficulty collecting the amount I owe you; (8) any collateral securing this note is used in a manner or for a purpose which threatens confiscation by a legal authority; (9) I change my name or assume an additional name without first notifying you before making such a change; (10) I fail to plant, cultivate and harvest crops in due season; (11) any loan proceeds are used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity, as further explained in 7 C.F.R. Part 1940, Subpart G, Exhibit M.

REMEDIES - If I am in default on this note you have, but are not limited to, the following remedies:

(1) You may demand immediate payment of all I owe you under this note (principal, accrued unpaid interest and other accrued unpaid charges).
(2) You may set off this debt against any right I have to the payment of money from you, subject to the terms of the "SET-OFF" paragraph herein.
(3) You may demand security, additional security, or additional parties to be obligated to pay this note as a condition for not using any other remedy.
(4) You may refuse to make advances to me or allow purchases on credit by me.
(5) You may use any remedy you have under state or federal law.
(6) You may make use of any remedy given to you in any agreement securing this note.

By selecting any one or more of these remedies you do not give up your right to use later any other remedy. By waiving your right to declare an event to be a default, you do not waive your right to consider later the event a default if it continues or happens again.

COLLECTION COSTS AND ATTORNEY'S FEES - I agree to pay all costs of collection, replevin or any other or similar type of cost if I am in default. In addition, if you hire an attorney to collect this note, I also agree to pay any fee you incur with such attorney plus court costs (except where prohibited by law). To the extent permitted by the United States Bankruptcy Code, I also agree to pay the reasonable attorney's fees and costs you incur to collect this debt as awarded by any court exercising jurisdiction under the Bankruptcy Code.

WAIVER - I give up my rights to require you to do certain things. I will not require you to:
(1) demand payment of amounts due (presentment);
(2) obtain official certification of nonpayment (protest); or
(3) give notice that amounts due have not been paid (notice of dishonor).

I waive any defenses I have based on suretyship or impairment of collateral. To the extent permitted by law, I also waive all personal property exemptions in the property securing this loan.

OBLIGATIONS INDEPENDENT - I understand that I must pay this note even if someone else has also agreed to pay it (by, for example, signing this form or a separate guarantee or endorsement). You may sue me alone, or anyone else who is obligated on this note, or any number of us together, to collect this note. You may without notice release any party to this agreement without releasing any other party. If you give up any of your rights, with or without notice, it will not affect my duty to pay this note. Any extension of new credit to any of us, or renewal of this note by all or less than all of us will not release me from my duty to pay it. (Of course, you are entitled to only one payment in full.) I agree that you may at your option extend this note or the debt represented by this note, or any portion of the note or debt, from time to time without limit or notice and for any term without affecting my liability for payment of the note. I will not assign my obligation under this agreement without your prior written approval.

FINANCIAL INFORMATION - I agree to provide you, upon request, any financial statement or information you may deem necessary. I warrant that the financial statements and information I provide to you are or will be accurate, correct and complete.

SIGNATURES: I AGREE TO THE TERMS OF THIS NOTE (INCLUDING THOSE ON PAGES 1 AND 2). I have received a copy on today's date.

Caution - IT IS IMPORTANT THAT YOU THOROUGHLY READ THIS CONTRACT BEFORE YOU SIGN IT.

_Dolores V. Victoria_                    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

DOLORES V. VICTORIA

| DISPOSITION OF FUNDS | |
|---|---|
| Deposited to Account Number | Check Number |

SIGNATURE FOR LENDER

DOLORES V VICTORIA
P O BOX 810
GREENVILLE AL 36037

**Account holder's name and address:** "I" means the account holder named above. If there is more than one, "I" means all account holders jointly and each account holder separately.

BUTLER COUNTY BANK
281 G'VILLE BYPASS-P O BOX
GREENVILLE AL 36037

SCANNED

**Secured party's name and address:** "You" means the secured party named above, your successors and assigns.

**Date:** 3/28/06

**Assignment of deposit or share account:** For value received, I assign and transfer to you, and I give you a security interest in the following account(s):

CERTIFICATE OF DEPOSIT #20303
DATED 03/28/2006

and any renewals or substitutions. These account(s) will be referred to as the **collateral** in the rest of this agreement. The collateral is held with:

BUTLER COUNTY BANK

which will be referred to as the **depository** in the rest of this agreement. The collateral includes all funds now in the accounts listed plus all additions of any kind and from any source, made at any time before the release of this agreement in writing.

**Secured debt(s):** This agreement is made to secure the payment of:

☐ **all present and future debts,** of every kind and description which:

may now or hereafter owe to you, no matter how or when these debts arise. (We intend this paragraph to be very broad. For example, "debts" include loans or credit purchases, made by or transferred to you, as well as debts arising from any other relationship such as check overdrafts, forgeries, or returned deposits. These also include debts arising from any capacity [maker, co-maker, endorser, surety, guarantor].) If more than one person or entity is listed, then all joint and separate debts of all those listed are secured.

☒ **the following described debt(s),** plus all extensions, renewals, modifications and substitutions:

PROMISSORY NOTE 9-2-05 IN THE PRINCIPAL
AMOUNT OF $3500.00
LOAN NUMBER 92095

**Additional terms:** The following terms are also part of this agreement:

(1) This agreement will last until you release it in writing, and you are not required to release it until the secured debts are paid in full.

(2) While this agreement is in effect, neither I nor anyone else (except you, the secured party) can withdraw all or any part of the collateral.

(3) No joint owner, beneficiary, surviving spouse or representative of my estate gets any rights in the collateral in the event of my death or incapacity until the secured debts are paid in full.

(4) You have the right to withdraw all or any part of the collateral and apply the withdrawal toward the payment of the secured debt(s), even if the withdrawal causes a penalty. If a secured debt is in default you can exercise this right without any notice to me or my consent (unless such notice or consent is required by law and cannot be waived). You have the right to sign my name (or sign your name as my attorney in fact) to exercise the rights given to you in this agreement.

(5) I represent and promise that no other person or entity has any rights in the collateral that have priority over those I am giving you here and that no part of the collateral is exempt or protected by law from this agreement.

(6) The rights and remedies I am giving you here are in addition to any stated in any other agreements. If there is more than one debt secured, more than one type of collateral (including collateral outside of this agreement) or more than one debtor liable, it is entirely in your discretion as to the order and timing of remedies you select.

(7) I neither assume nor am excused from personal liability for any of the secured debts merely by making this agreement; my personal liability will be determined by referring to other documents. I do assume personal liability for the warranties and representations made in this agreement.

(8) A debt secured by this agreement (whether specifically listed or not) includes all sums that could possibly be due under the debt.

(9) I specifically request and direct the depository to honor and accept this agreement and its terms.

**Signature(s) of account holder(s):** By signing here we accept the terms of this agreement and acknowledge receipt of a copy.

*[signature]*

**Notice to depository:**

**Date:** 3/28/06

**To:**

BUTLER COUNTY BANK

☐ This confirms our oral notice dated:

Please take notice of this agreement. Please confirm your receipt of this notice and your acceptance of its terms by completing the acknowledgement portion and returning a copy to the secured party.

**By:**

*[signature]*
For the secured party

**Acknowledgement by the depository:**

**Date:**

**To:**

We have received your notice of this agreement. We agree that no account holder or any other person (other than you, the secured party) has any right to make any withdrawals from the collateral until this agreement is released in writing by you.

**By:**

*[signature]*
For the depository

**Release by secured party:**

**Date:**

**To:**

This is to advise you that the assignment and security interest in the collateral described above has been released and the original certificate, or passbook or other evidence of the collateral (if any) has been returned to the account holder(s).

**By:**

For the secured party

©1989 BANKERS SYSTEMS, INC., ST. CLOUD, MN 56302   (1-800-397-2341)  FORM M-160   8/17/89

*(page 1 of 1)*